WILLIAM K. ARCHBOLD, as Trustee in Bankruptcy of the Estate of WILLIAM L. WALLACE, Appellant, v. FIRST TRUST & DEPOSIT COMPANY, Respondent.— Judgment affirmed, with costs.   All concur, except Dowling, J., who dissents and votes for reversal on the law and for granting a new trial in the following memorandum: Plaintiff alleges that Dr. Wallace and the decedent entered into an agreement December 15, 1930, "whereby it was agreed that the defendant would, upon order of said William L. Wallace, lend him the sum of fifty thousand dollars to purchase securities approved by the investment department of defendant, and that said William L. Wallace would deposit with defendant seven certain policies of life insurance as collateral security on said loan of fifty thousand dollars, in addition to the securities so purchased, and it was understood and agreed that the defendant would not become entitled to hold said policies as collateral for any purpose until said loan was made, and that the deposit of said policies of insurance was for the sole purpose of securing such additional loan and for no other purpose."   Plaintiff further alleges that Dr. Wallace assigned the policies on December 26, 1930, and delivered them to the defendant pursuant to the above agreement, that on December 1, 1931, defendant informed Dr. Wallace it would not make the additional loan and that it would hold said policies to secure the general indebtedness of Dr. Wallace to it, that Dr. Wallace then and there demanded the return of said policies and defendant refused to return them, that on April 26, 1932, plaintiff also demanded the defendant deliver said policies to him and defendant refused, that said policies, on April 26, 1930, had an actual value of

$30,000. Plaintiff's theory is that the insurance policies were delivered on the condition that the trust company would loan Dr. Wallace $50,000 with which to purchase new and additional securities and that the policies were assigned as collateral to this loan and for no other purpose. The defendant applied the policies as collateral to Dr. Wallace's general indebtedness as appears from documents in evidence, including Dr. Wallace's bank statement. The evidence quoted on pages 3–6 of appellant's brief, which must be taken as true, sustains the above allegations of the complaint and establishes a *prima facie* case. From this evidence a jury could find either that the policies were assigned as collateral to the proposed $50,000 loan or on condition they would be returned to Dr. Wallace if the loan were not made. The admissions of Merrill and Breckheimer, officers of the defendant, were made in the course of their agency and in the discharge of their official duties, Breckheimer being the officer who made the agreement. These admissions were part of the *res gestæ*. (Civ. Prac. Act, § 340; *Cortland County* v. *Herkimer County*, 44 N. Y. 22, 24; *Fox* v. *Village of Manchester*, 183 id. 141, 146; *Cobb* v. *United Engineering, etc., Co.*, 191 id. 475, 480.) The trial court should have submitted the case to the jury. (*Hardin* v. *Morgan Lithograph Co.*, 247 N. Y. 332, 339.) (The judgment is for defendant in an action to recover the value of pledged collateral.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.