JAMES BENDER, Plaintiff, v. EUGENE HUTTON et al., Defendants.
JAMES BENDER, Respondent, v. EUGENE HUTTON et al., Appellants.

Fourth Department, March 5, 1952.

*Joseph May* for appellants.

*Louis N. Blatt* for respondent.

*Per Curiam.* At the close of the trial of this case in the City Court of Buffalo without a jury, counsel stipulated that the court might view the premises. The record indicates that a view was had. As was said in *Weiant* v. *Rockland Lake Trap Rock Co.* (61 App. Div. 383, 388, affd. without opinion 174 N. Y. 509): " The method of his personal examination and the facts which he ascertained thereby do not appear upon the record, but must necessarily have been influential factors in his decision; and unless such decision is at variance with uncontradicted evidence, we may not disturb it."

Section 56 of the Buffalo City Court Act makes the provisions of the Civil Practice Act applicable to the proceedings in that court when not in conflict with the City Court Act. We find nothing in that act as to the form of decision; consequently section 440 of the Civil Practice Act applies. That section required the court to incorporate in his decision the facts which he deemed essential to the decision which he made. As was stated by this court in *Metropolitan Life Ins. Co.* v. *Union Trust Co.* (268 App. Div. 474, 479): " That obviously means the facts upon which the rights or liability of the parties depend ".

In the instant case the court does not tell us what facts he found as a basis for his decision. Two questions of fact were presented by the defendants' proof, first the adequacy of the

repairs after the fire, second the question of the storeroom. We are unable to tell from this record the findings of fact on either of those questions.

The Special Term has reversed the judgment and given judgment to the plaintiff. Were it not for the " view " of the trial court, we would hold that the record supports that judgment. Under the circumstances here disclosed, we think the interests of justice require a new trial in the City Court.

All concur. Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Judgment and order of Erie Special Term and judgment of Buffalo City Court reversed on the law and facts and a new trial granted in Buffalo City Court, with costs in all courts to abide the event. [See *post*, p. 976.]