Henry Clay Greenberg, J.
Plaintiff has moved, under section 549 of the Civil Practice Act, to set aside the jury’s verdict herein. He advances three separate grounds in support of his motion: (1) The jury’s verdict was against the weight of the credible evidence and contrary to the only evidence submitted to it; (2) the exclusion of the Ludovici proffered testimony was erroneous and highly prejudicial to plaintiff; and (3) defendant’s counsel by innuendo and irrelevant matter improperly influenced the verdict.
The first and third grounds are of insufficient merit, I believe, to require extended discussion. The Trommer deposition introduced by defendant substantially contradicted plaintiff’s evidence; and the truthfulness or accuracy of plaintiff’s witnesses may reasonably have been doubted by the jury. There is not here the clear and undisputed evidence which is required in order to set aside the jury’s verdict. (Gruhn v. Taylor Constr. Co., 180 Misc. 956, affd. 266 App. Div. 954; Hull v. Littauer, 162 N. Y. 569.) In addition, plaintiff’s evasiveness, his failure to protest the final check and letter which accompanied it, his inordinate delay in bringing suit and other like factors may easily have influenced the jury against him.
As to the contention that the jury was improperly swayed by defendant’s counsel’s innuendoes and irrelevancies, it is sufficient to point out that some of it was justified and others of little persuasiveness as far as the jury was concerned.
Discussion shall now be addressed to the question of the Ludovici excluded testimony. After qualifying Ludovici as executive vice-president of defendant corporation, authorized to terminate Horan’s employment “ on whatever arrangement that he thought was desirable for the corporation ’ ’, plaintiff sought to introduce the testimony of Ludovici as to two conversations which occurred shortly prior to the key FitzpatrickHoran conversation wherein was made the pension contract in issue. The first conversation between Fitzpatrick and Ludovici, the second between Trommer and Ludovici, allegedly related to the decision to be made as to the basis of termination of Horan’s employment and the direction to Fitzpatrick as to how and under what conditions the termination should be concluded. Defendant objected generally to this offer of testimony; the objection was sustained.
For the purposes of this motion, we must assume the proffered evidence would conflict with the stand taken by defendant at the trial. The conversations would then be admissible as admissions against interest provided that the corporate defendant is bound by the statements of its officers.
*349 Section 340 of the Civil Practice Act sets forth two requisites for the admissibility against a corporation of admissions made by members or officers thereof: (1) That the admission be “ made concerning and while engaged in a transaction” and (2) that the officer who made the admission be the agent authorized to act in the transaction. It may be said that a further requirement has been judicially added, to the effect that the admission form part of the res gestes. (Luby v. Hudson Riv. R. R. Co., 17 N. Y. 131; Golden v. Horn & Hardart Co., 244 App. Div. 92, affd. 270 N. Y. 544; Archbold v. First Trust & Deposit Co., 254 App. Div. 924; Booth v. Cleveland Rolling Mill Co., 74 N. Y. 15; Merchants’ Nat. Bank v. Clark, 139 N. Y. 314.)
The Ludoviei-Fitzpatrick and Ludovici-Trommer discussions meet the statutory requirements: Officers, duly authorized to act in regard to Horan’s termination made the statements now1 against interest in the course of their deliberations as to how to conclude Horan’s employment with the company.
That the corporate party bound by the admissions is no longer in existence, that the officers who made the admissions no longer exist as such and accordingly have no interest in coming forward and explaining the statements made by them contrary to the present interest of the corporation, these facts go to the weight rather than the admissibility of the evidence.
In addition to reception as admissions against interest, the Ludovici excluded testimony might also be held admissible as statements of mental condition, termed by Wigmore an ‘ ‘ apparent ’ ’ exception to the hearsay rule. The extrajudicial declarations were not offered strictly as testimonial assertions, i. e. to prove their truth or falsity, but to prove that the officers who made them had certain intent or design. “ Statements of design or plan ”, according to Wigmore, should be admitted into evidence if they reveal “ a present existing state of mind ” and are ‘ ‘ made in a natural manner and not under circumstances of suspicion ”. (6 Wigmore, Evidence [3d ed.], § 1725.)
However, the reported cases indicate that this exception has been applied principally in cases where knowledge or mental condition is one of the propositions in issue, particularly in criminal law (For example: Sees v. Massachusetts Bonding & Ins. Co., 243 App. Div. 400; People v. Conklin, 175 N. Y. 333; Swift v. Massachusetts Mut. Life Ins. Co., 63 N. Y. 186; McNamara v. Gregory, 211 N. Y. 21).
There can be little doubt that the Ludovici testimony, offered to show a design or plan to offer Horan a certain pension, is *350 relevant and of sufficient minimum probative value to establish that the pension was probably offered as planned. ‘ * The presence of a design or plan to do or not to do a given act has probative value to show that the act was in fact done or not done. A plan is not always carried out, but it is more or less likely to be carried out. The existence of a plan is always used in daily life as a basis for an inference to the act planned. There is no question about the relevancy in general of such evidence ”. (1 Wigmore, Evidence [3d ed.], § 102.)
Acknowledging then that the Ludovici testimony should have been admitted as an exception to the hearsay rule, relevant and material to the issues involved, the question becomes, does the erroneous exclusion require the granting of a new trial in the interests of justice?
Several significant facts do impel to the conclusion that little weight should be accorded these extrajudicial declarations:
(A) Neither Fitzpatrick nor Trommer were in court to testify as to their having made whatever statements Ludovici would attribute to them.
(B) The Ludovici admissions which Ludovici himself would testify to would carry little weight as against defendant since Ludovici was then a witness for plaintiff, regardless of his reasons for so testifying against his former employer.
(C) The testimony would be only inferential to establish that the plan discussed by the corporate officers was actually put into effect.
(D) The underlying basis for the exception to the hearsay rule of admissions against interest is that the party who made the admission, being a party to the action, can readily come forward and explain away the inconsistency of his earlier conduct or statement. This is not so here where the defendant is nothing more than a dissolved corporation split into isolated independent units which no longer have any stake in preserving the assets of the once corporation, and might even vindictively seek to harm the corporation for dissolving as it did (not Trommer of course, but Ludovici and Fitzpatrick).
Moreover, the record discloses that in October, 1951, defendant departed from its regular practice of mailing plaintiff each week a check for $50 less deductions, and mailed plaintiff a check covering payment for two weeks, one week being in advance of the set time for payment. Accompanying this check for double the usual amount was a letter stating that the payment was in full satisfaction and final payment of all claims of plaintiff against defendant. Plaintiff cashed this check several weeks later without registering protest.
*351 In New York, consideration is no longer required to support a promise in writing signed by the person to be discharged. Under section 243 of the Debtor and Creditor Law, a written release of a claim or debt operates as a discharge even in the absence of consideration, and subdivision 3 of section 33 of the Personal Property Law provides that a promise in writing and signed by the promisor constitutes a valid contractual obligation, even in the absence of consideration for the promise. The accompanying letter had the effect of an attached voucher and acceptance of the check was tantamount to acceptance of the accompanying letter and its terms. Had plaintiff wished to accept the check while still refusing to accept the accompanying conditions as spelled out in the letter, it was incumbent upon him to register this refusal. The telephone calls allegedly placed by plaintiff, who left his name but received no reply call, would hardly amount in law to a rejection of the offer of accord.
On the entire case, the court feels that substantial justice was done and error in evidence, if any, was harmless. The motion is denied.