VICTOR CATERING COMPANY, INC., Respondent, v. CHARLES V. NASCA, Doing Business as CIRO'S, Appellant.

Fourth Department, April 29, 1959.

6

*Michael J. Montesano (Robert L. Fraser* of counsel), for appellant.

*Pfalzer & Pfalzer (William R. Pfalzer* of counsel), for respondent.

WILLIAMS, J. The defendant has appealed from a judgment of the Supreme Court which affirmed a judgment of the City Court of Buffalo in favor of the plaintiff and against the defendant. The action is for goods sold and delivered, and a simple question of fact is presented as to whether the defendant had purchased or had agreed to pay for the goods in question. We find that the determinations of both the City Court of Buffalo and the Appellate Term of Supreme Court are contrary to the weight of the evidence and that there must be a reversal and a dismissal of the complaint. We have made findings accordingly.

The case was tried without a jury. The City Court Judge made no findings of fact either formally or in accordance with section 440 of the Civil Practice Act although he should have done so (*Bender* v. *Hutton,* 279 App Div. 442). Section 56 of the Buffalo City Court Act makes the provisions of the Civil Practice Act generally applicable to practice and procedure in the City Court of Buffalo.

The appellate Justice in Supreme Court made no findings although he also should have done so, and had ample authority for doing so. Section 584 of the Civil Practice Act, provides in substance that upon an appeal *any* appellate court authorized to review may reverse or affirm wholly or in part or may modify the judgment appealed from or may render an appropriate judgment. Subdivision 2 of said section provides: "On an appeal from a judgment rendered in an action tried by the court without a jury, the appellate court, unless it shall affirm the judgment, shall so far as practicable, grant the motion for judgment which the court below ought to have granted."

Section 55 of the Buffalo City Court Act contains provisions similar to section 584 and provides for appeals in civil matters to the Supreme Court of Erie County, and then states: "Appeal may be taken from the judgment of the supreme court to the appellate division. The appellate *courts* may review all questions of fact and of law, and may either modify, reverse or affirm the judgment or order appealed from, grant a new trial in the city court *or grant to either party the judgment which the facts warrant*". (Italics ours.)

As we have stated, this case comes to us with no findings either by the City Court or Supreme Court. However, it is not necessary for us to send it back to the City Court for a new trial because of that. We have ample authority to supply this deficiency and to render the judgment which the facts require. Decisions of courts of this State construing the powers of appellate courts under section 584 fully support such authority, whether a case comes to us with no findings or whether we disagree with the findings made below. A leading case is *Bernardine* v. *City of New York* (294 N. Y. 361). In that case, no findings had been made below nor was there a statement of the essential facts relied upon by the court in making its determination in accordance with section 440 of the Civil Practice Act. In affirming a judgment of the Appellate Division made on findings of fact in that court, the Court of Appeals said (pp. 366–367):

"As has already been observed, this case was validly tried by the court without a jury upon a stipulation for 'such decision as may be warranted by the facts.' All the propositions of fact that were in issue were fully litigated. Each party must be deemed to have moved for judgment in his favor. (Civ. Prac. Act, § 440.) In that state of the record, we see no reason to doubt the power of the Appellate Division to grant the final judgment which in its conception was dictated by the weight of the evidence (Civ. Prac. Act, § 584; *Lamport* v. *Smedley,* 213

N. Y. 82). The City points to the absence from the order of the Appellate Division of any statement as to ' whether or not the findings of fact below have been affirmed ', as required by Civil Practice Act, section 602, subdivision 1. The reason for that omission is obvious: no findings of fact were made below in this instance. The power of the Appellate Division to render final judgment in a nonjury case like this was sanctioned by an amendment of the State Constitution adopted in 1925. (*York Mortgage Corp.* v. *Clotar Constr. Corp.*, 254 N. Y. 128.) The enactment of the present section 602 of the Civil Practice Act in 1942 certainly was not an attempt to neutralize that important jurisdiction. As we see it, then, section 602 has no application to the present case.

" To be sure, the Appellate Division has often made findings of fact in substitution of contrary reversed findings of a court below. But the competence of the Appellate Division to direct final judgment on a fresh fact basis extends beyond that precise situation. (*Bonnette* v. *Molloy,* 209 N. Y. 167, 172.) Indeed, this Court of Appeals has in numerous cases dealt with new findings of the Appellate Division which did not touch the subject matter of the initial findings that were reversed. On the analogy of that practice, the original findings here made by the Appellate Division were, we think, quite in order and so we have reviewed the facts thereby adjudged. (See N. Y. Const., art. VI, § 7; Civ. Prac. Act, § 605.) It is not important to give the particulars of the accident. In our estimation, the decision of the Appellate Division is clearly in conformity with the preponderance of the proof. (See 268 App. Div. 444, 448–450.) "

The same rule prevails when incorrect or inadequate findings have been made by the trial court. " The Appellate Division, under these circumstances, had the right to make its own findings of fact, whether or not a contrary finding of fact had been made by the trial court (see *Bernardine* v. *City of New York,* 294 N. Y. 361)." (*Ruegg* v. *Fairfield Securities Corp.,* 308 N. Y. 313, 318.)

In *Mintz* v. *Clavin & Co., Inc.* (4 A D 2d 635, 637, affd. 4 N Y 2d 886) the court said: " In a nonjury cause, this court should enter the judgment that the trial court should have entered. [Citations] ".

The case of *City of Buffalo* v. *De Bon* (232 App. Div. 318) originated in the City Court of Buffalo and came to this court through Supreme Court, as in the present case. The Supreme Court affirmed the order of the City Court and stated reasons therefor. This court said (p. 320) in considering section 584 of the Civil Practice Act: " Since the order brings about the

correct result, we are not confined to the reasons stated at Special Term for affirming."

This present determination should not be construed as a holding that all nonjury cases which come to this court without findings or upon incorrect findings will be decided finally by this court in distinction to a reversal and the granting of a new trial or a remission of the case to the trial court to make findings (cf. *Hurwitz* v. *Hurwitz*, 3 A D 2d 1009). There are many cases where a new trial should be granted because of complexity, confusion, the possibility of other proof, error, misconception on the part of the trial judge as to the burden of proof or for other appropriate reasons (*Baccialon* v. *Guerra*, 282 App. Div. 755). Also certain cases peculiarly lend themselves to a reconsideration of the facts by a trial court. The selection of the method of disposition remains in the discretion of the appellate court. The present case clearly illustrates the reasons for the powers granted by section 584 of the Civil Practice Act. Justice will be promoted by a determination of the facts in this court.

However, since the revision of section 440 in 1936 (cf. *Mason* v. *Lory Dress Co., Inc.*, 277 App. Div. 660), appellate courts have time and again attempted to impress upon inferior courts of limited jurisdiction which are covered by the provisions of the Civil Practice Act, the necessity of complying with section 440. A day to day examination of records on appeal discloses that the results have not been encouraging. If we now undertake to do the work required of these courts, the result can only be an increasing number of appeals wherein it is found that the court of original jurisdiction has left it to this court to prepare a proper record of the proceedings in compliance with section 440. We cannot re-emphasize the necessity of compliance too strongly.

The judgments of the City Court of Buffalo and of the Supreme Court should be reversed and the complaint dismissed.

All concur, HALPERN, J., in result. Present — KIMBALL, J. P., WILLIAMS, BASTOW, GOLDMAN and HALPERN, JJ.

Judgment and order of Supreme Court and judgment of Buffalo City Court reversed on the law and facts, without costs of this appeal to either party and complaint dismissed, without costs. Findings of fact made.