BUFFALO ELECTRIC Co., INC., Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 32217.)

Fourth Department, December 23, 1959.

William E. Miller (Warner F. Thompson of counsel), for appellant.

Louis J. Lefkowitz, Attorney-General (Jerome Lefkowitz and Paxton Blair of counsel), for respondent.

Per Curiam. The Court of Claims Judge dismissed the claim on the ground that the claim was barred as a matter of law by the claimant's acceptance of a check in payment of the undisputed contract balance, under the provision of the contract that '' The acceptance by the contractor of the last payment on this contract, as hereinbefore provided, shall be and shall operate as a release to the State of New York * * * from all claim and liability * * * relating to or affecting the work ''. In our opinion, the dismissal of the claim as a matter of law was erroneous. There was a question of fact as to whether the check '' was intended and understood to be a last payment '' in full of all claims, within the meaning of the contract provision (*Fredburn Constr. Corp.* v. *City of New York*, 280 N. Y. 402). There was no notation on the face of the check indicating that it was intended to be in full of all claims, similar to the notations on the vouchers or warrants issued by the City of New York, involved in the cases relied upon by the State (e.g., *Cauldwell-Wingate Co.* v. *City of New York*, 269 N. Y. 539; *Oakhill Contr. Co.* v. *City of New York*, 262 App. Div. 530). Prior to its acceptance of the check, the claimant had written to the State Architect, advising him of its intention to make a claim for damages and the State Architect had replied, disputing the claim on the merits, but not indicating that the acceptance of the check would automatically bar enforcement of the claim, regardless of its merits. Before depositing the check, the claim-

ant indorsed on the back thereof the notation: "This check is endorsed and accepted without waiver of rights to proceed, against the State of New York to recover for additional costs, as stated in our letter of June 19th to Mr. C. J. White, State Architect". The question of fact as to the intention of the parties should be decided by the Court of Claims in the light of all these circumstances.

The Court of Claims should also give consideration to the effect of a line of cases in that court, of which *Rusciano & Son Corp.* v. *State of New York* (201 Misc. 690) is typical, holding that, despite the release clause of the contract, the contractor is entitled to recover judgment against the State for the undisputed contract balance, immediately upon the completion and acceptance of the work, without giving the State a release of any additional claim for damages. In the light of this line of cases, the giving of a release is no longer a condition precedent, as a matter of substantive law, to the State's obligation to pay the contract balance. Under this interpretation of the contract, any release which might result from the acceptance of the check would be a gratuitous one, since nothing would be received by the contractor except that which he could have compelled the State to pay at once free of any conditions. If the validity of such a release can be upheld at all, it can be upheld only under section 243 of the Debtor and Creditor Law (as added by L. 1936, ch. 222), which provides that a release in writing is valid despite the absence of consideration (cf. *Pape* v. *Rudolph Bros.*, 257 App. Div. 1032, affd. 282 N. Y. 692; *Rehill* v. *Rehill*, 306 N. Y. 126; *Horan* v. *Trommer*, 15 Misc 2d 347; 1948 Report of N. Y. Law Rev. Comm., pp. 645–653). An intent to release a claim gratuitously is not to be inferred unless the intent to do so is clearly and unequivocally expressed. Moreover, where a release is given without consideration, a unilateral mistake on the part of the one giving the release may be sufficient to vitiate it (*Wheeler* v. *State of New York,* 286 App. Div. 310, 313; *Matter of Clark,* 233 App. Div. 487; Restatement, Restitution, §§ 26, 49; 5 Williston, Contracts [rev. ed.], § 1574, p. 4402; 58 Mich. L. Rev. 90). Whether the mistake was one of law or of fact is now immaterial (Civ. Prac. Act, § 112-f).

The case should be remitted to the Court of Claims to decide the underlying question of fact as to whether both parties intended and understood that the check was to be a "last payment" in full of all claims. That question should be decided, and appropriate findings made, either upon the basis of the proof already in the record or upon the basis of such additional proof as the parties may desire to offer.

The judgment should be reversed and the case remitted to the Court of Claims for further proceedings in accordance with this opinion.

All concur. Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.

Judgment reversed on the law and case remitted to the Court of Claims for further proceedings in accordance with the opinion, with costs to the appellant to abide the event.