ORLIN PHELPS, Individually and as Administrator of the Estate of KATIE M. PHELPS, Deceased, et al., Respondents, *v.* STATE MUTUAL LIFE ASSURANCE COMPANY OF WORCESTER, MASS., Appellant, and MERCHANTS NATIONAL BANK AND TRUST Co. OF SYRACUSE, NEW YORK, Respondent.

Fourth Department, March 2, 1960.

*Sheridan & Sheridan (John M. Sheridan* of counsel), for appellant.

*Albert J. Rubin* for Orlin Phelps and others, respondents.

*Melvin & Melvin (Raymond J. Barth* of counsel), for Merchants National Bank and Trust Co. of Syracuse, New York, respondent.

WILLIAMS, P. J. This appeal involves the propriety of a judgment in favor of the Merchants National Bank and Trust Co. against the State Mutual Life Assurance Company.

The insurance company had issued a group policy in favor of the bank in which it agreed to make payments to the bank upon the deaths of certain insured debtors. If one Katie Phelps (now deceased) was an insured debtor under the meaning and intent of this policy, the judgment must be affirmed. If she was not, reversal is required.

Said Katie Phelps was the owner of a dwelling house which she occupied with her three adult sons. A credit application was made to the bank by all four for the purpose of obtaining a loan to finance improvements to the property. This disclosed that Katie Phelps was the sole owner. A loan was made on the strength of the application and a note, also signed by all of them, was given to the bank.

The loan was of the type commonly known as an F. H. A. loan made under Federal Housing Administration Regulations. The group policy provided that it insured " Certain Debtors " of the bank who were indebted on loans of this type.

Under the title " DEBTORS TO BE INSURED AND AMOUNT OF INSURANCE " the policy contains the following provisions:

" DEBTORS ELIGIBLE. Each debtor who becomes indebted to the Creditor on or after the Effective Date of this policy will be eligible for insurance under this Policy on the date on which he becomes indebted to the Creditor provided he then meets the following conditions:

" (a) he is a natural person;

" (b) he is the principal wage earner, if the indebtedness is a joint obligation;

" (c) the indebtedness is evidenced by a housing loan note which is an eligible note under the Creditor's Title I F. H. A. Contract of Insurance.

'' Each debtor who became indebted to the Creditor prior to the Effective Date will be eligible for insurance on the Effective Date hereof, provided the above conditions are satisfied and the Creditor has not filed claim under its Contract of Insurance with the F. H. A. for payment of the housing loan note.''

It thus appears that in order to be eligible as an insured under the policy, a person must be the principal wage earner if the indebtedness is a joint obligation and the indebtedness must be evidenced by a housing loan note which is an eligible note under creditor's Title I F. H. A. Contract of Insurance.

Upon the death of Katie Phelps, two sons individually and one individually and as administrator of her estate sued the insurance company and the bank asking for a determination of the legal rights of all parties to the suit under the insurance contract. The bank in turn claimed against the insurance company for the balance of the loan, contending that Katie Phelps was an insured debtor and that such amount became payable to the bank by the insurance company upon her death.

It is necessary to determine whether the improvement loan note created a '' joint obligation '' within the meaning of the policy, because if it did, then under condition (b) above mentioned, Katie Phelps would not be insured unless she was the principal wage earner. There was testimony taken in an effort to establish that she was. We conclude, however, that she was not. This leaves for consideration the question of whether the note created a '' joint obligation.''

It is necessary to examine the applicable housing regulations (Code of Fed. Reg., tit. 24, § 201). In subdivision (i) of section 201.1 of such regulations as they existed at the time in question, '' Borrower '' is defined as follows: '' (i) ' Borrower ' means one who applies for and receives a loan in reliance upon the provisions of the Act and whose interest in the property to be improved is (1) a fee title, or (2) a life estate, or (3) an equitable interest under an instrument of trust or contract, or (4) a lease having a fixed term, expiring not less than six calendar months after the maturity of the loan.'' Subdivision (a) of section 201.2 deals with '' Eligible notes ''. These sections, construed together, indicate that an eligible borrower must have an interest in the property as described in section 201.1 and must have signed the note as maker as provided in subdivision (a) of section 201.2.

Katie Phelps was the only debtor of the bank on the note in question who fulfilled these requirements for the three sons had no interest in the property. Nor did their signatures on the note make them borrowers or the note eligible under the

above-quoted provisions. Therefore, under the housing act, the obligation was not joint but the single and individual obligation of Katie Phelps.

Other provisions in the policy fortify the conclusion that to be insured under such policy a debtor must be a qualified borrower who has signed an eligible note as these terms are defined in the Federal regulations. Adverting to the definition of "Debtors to be Insured" quoted above, the last paragraph makes an element of eligibility an F. H. A. housing loan note. Later, under the heading of "Amount of Insurance" it is stated the amount of insurance "shall not exceed the amount allowable under Title I of the Federal Housing Act." Under "General Provisions" it is provided that the insurance "on any debtor" should automatically terminate on the date the creditor [bank] files claim under its contract of insurance with the F. H. A. for payment of the housing loan note. And finally in the application for the group policy signed by the bank, which is attached to and made a part of the policy, it is provided that debtors are to be insured only if their indebtedness is secured by an F. H. A. Title I loan.

It is clear, therefore, that only those who qualify under the National Housing Act Regulations are insured by this group debtor policy.

*Gilbert* v. *State Mut. Life Assur. Co.* (7 A D 2d 778) is a similar case. There the note was signed by a mother and son. The policy contained the same provisions as to principal wage earner, joint obligation and an indebtedness evidenced by a Title I contract of insurance. The court found that the mother, who was the property owner, was the principal wage earner so that she came within that specific provision of the contract. However, the court decided that she, being the owner of the property that was improved, was the only debtor whose life might be insured under the policy in question and that the obligation from her to the bank was the only loan eligible under said Title I. It was further stated that the son could not be considered eligible for insurance and that for the purposes of the policy the indebtedness must be deemed solely that of the mother and that there was no "joint obligation".

There is one other matter that requires comment. The Trial Justice failed to make findings of fact although the case was tried before him without a jury. Merely stating that a decision is signed and filed pursuant to section 440 of the Civil Practice Act does not make it a proper decision under that section. "The decision of the court * * * must state the facts which it deems essential." (Civ. Prac. Act, § 440; *Manson* v. *Manson,*

10 A D 2d 664.) However, rather than remit for findings, we have supplied the findings in the exercise of our discretion (Civ. Prac. Act, § 584; *Victor Catering Co.* v. *Nasca,* 8 A D 2d 5, 9; *Leeds* v. *Joyce,* 202 App. Div. 696, affd. 235 N. Y. 620).

The judgment should be affirmed.

Present — WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ.

Judgment unanimously affirmed, with separate bill of costs to plaintiffs-respondents and defendant-respondent. Certain findings made.