Louis L. Friedman, J.
King Metal Products, Inc., petitions this court for an order canceling of record a certain judgment entered against it in favor of the Workmen’s Compensation Board. Petitioner also moves that the board be stayed from conducting an examination in proceedings supplementary to said judgment. The facts are:
On August 13, 1957, the board obtained a judgment against petitioner in the amount of $1,173.60. On July 3, 1959, petitioner’s attorney sent a letter to the Attorney-General of the State of New York, representing said board, enclosing therein a check for $250, and stating that said check was in full settlement and release of the unpaid balance of the judgment, and was to be held in escrow pending the delivery of a satisfaction thereof. Indorsed upon the face of the check was the notation “ in full settlement, satisfaction and release [stating the name of the case and the case number].” On the reverse side appeared the legend: “ In full settlement and release of all claims Workmen’s Compensation Board (Hugh Hoyt) v. King Metal Products, Inc., on judgment entered therein for $1,173.60.”
Acting upon this letter and the check therein enclosed, the Attorney-General submitted the matter to the board together with the check, and on January 19,1960, the check was deposited to the general account of said Workmen’s Compensation Board. On November 30, 1960, the board filed a supplemental memodurandum stating: ‘ ‘ By decision filed January 6, 1960, the board directed that the check submitted by the employer be deposited in an escrow account pending development of the record. The record was referred to the Attorney-General to *743 determine the collectibility of the award for compensation through supplementary proceedings or other methods. Supplementary proceedings were held on February 18, 1960, but no officer of the corporation appeared. An attorney for the corporation appeared, alleging that deposit of the check by the board constituted an accord and satisfaction and that the corporation was under no obligation to raise further money. He raised this same objection at a subsequent Eeferee hearing. He also stated that the corporation has no assets. Claimant’s attorney stated that the amount of $250 is insufficient. After consideration, the board is of the opinion that there is no basis in law or fact to find accord and satisfaction by reason of the deposit of the check of $250 in escrow. No payment has been made to claimant. The award of $1,173.60 is still outstanding. The board holds that further efforts should be made to enforce payment of the award. Accordingly, case is referred to the Attorney-General for further effort to compel the attendance of a corporate officer for examination in supplementary proceedings and for any other proceedings to enforce payment of the award. The sum of $250 is to remain in escrow pending the outcome.”
Petitioner now contends that the forwarding of the check and its acceptance and retention by the board, created an accord and satisfaction releasing petitioner from any further liability on this judgment. The Attorney-General disputes this contention, arguing that at no time was there an acceptance and that the mere depositing of the check, even with the legends indorsed thereupon, was insufficient to constitute an accord and satisfaction.
It is academic, that there can be no accord and satisfaction of a liquidated and undisputed sum by simply making a lesser payment (see Eames Vacuum Brake Co. v. Prosser, 157 N. Y. 289; Nassoiy v. Tomlinson, 148 N. Y. 326; Burstein v. Burstein, 12 Misc 2d 521; Dover Plumbing & Heating Corp. v. Graymarh Estates, 111 N. Y. S. 2d 521).
The cases cited by petitioner Armour & Co. v. Schlacter (159 N. Y. S. 2d 135) and Horan v. John F. Trommer, Inc. (15 Misc 2d 347) are easily distinguishable upon their facts, and in the face of the appellate court holdings {supra), these lower court decisions are not controlling.
Accordingly, the court comes to the conclusion that no accord and satisfaction took place, that the retention by the Workmen’s Compensation Board of petitioner’s check did not satisfy the judgment of record, and that the present' application must be denied as having no merit.
*744 The application of petitioner is denied in all respects. Petitioner will be directed in the order to be entered herein to appear for supplementary proceedings at a time and place to be fixed in the order.