■ In the Matter of the Claim of LESLIE S. COHAN, Respondent, v. CITY OF NEW YORK, Appellant.— Order entered on or about August 27, 1964, granting the claimant's motion for leave to file a late notice of claim against the City of New York, unanimously reversed, on the law and the facts, with $30 costs and disbursements to the appellant, and the motion denied. Subdivision 5 of section 50-e of the General Municipal Law authorizes an extension of time within which to file a notice of claim where, *inter alia*, "the claimant is an infant * * * and by reason of such disability fails to serve a notice of claim within the time specified". It has been held that an extension may only be granted where the disability of infancy is proximately related to the failure to file within the 90-day period. (*Schnee* v. *City of New York*, 285 App. Div. 1130, affd. 1 N Y 2d 697.) The moving papers fall far short of showing the existence of such a relationship. To the contrary they reveal that claimant's infancy was not the cause of the delay. Concur — Breitel, J. P., Rabin, Valente, Eager and Bastow, JJ.

■ JULIA MORALES, Appellant, v. VICTOR OLIVERO, Respondent.— Judgment entered February 4, 1964, dismissing the complaint at the close of the entire case, unanimously reversed, on the law and on the facts, and a new trial granted, with $50 costs to abide the event, on the ground that the judgment is against the weight of the evidence. Plaintiff was a passenger in a motor vehicle and defendant the operator. On a clear night the motor vehicle struck an abutment with blinker lights at the 52nd Street exit ramp of the West Side Highway, New York City. That the motor vehicle may have been improperly registered was irrelevant on the issue of negligence although admissible on credibility. On an appeal from a judgment rendered in an action tried by the court without a jury, this court should, so far as practicable, grant the motion for judgment which the trial court ought to have granted. (*Bruno* v. *Kosnac*, 13 A D 2d 650.) The state of the record herein does not lend itself to this procedure. A new trial is required in the interests of justice so that the issue of negligence may be properly explored. (*Levy* v. *Reilly*, 18 A D 2d 632; *Pordy* v. *Scot Serv. Co.*, 15 A D 2d 911; *Power* v. *Falk*, 15 A D 2d 216; *Victor Catering Co.* v. *Nasca*, 8 A D 2d 5; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5522.05.) Concur — Breitel, J. P., McNally, Stevens, Eager and Staley, JJ.