■ In the Matter of the Arbitration between AETNA CASUALTY AND SURETY COMPANY, Appellant, and ROBERT H. HOLLER, Respondent.—Order unanimously reversed, without costs, petition reinstated and matter remitted to Monroe Supreme Court for further proceedings in accordance with the following memorandum: This is an appeal from an order dismissing a petition seeking a permanent stay of arbitration. Respondent requested arbitration under the provisions of an uninsured motorist indorsement of an insurance policy issued by petitioner. The trial court erred in holding that it was not necessary to determine as a condition precedent to arbitration whether there was physical contact between the uninsured "hit and run" vehicle and respondent's vehicle. The terms of the insurance policy, as well as the applicable statutory provisions (Insurance Law, § 617), make it clear that in such cases physical contact is a precondition to arbitration. "In hit and run cases, section 617 of the Insurance Law requires, as a condition precedent to arbitration, that the claimant establish an accident which 'arose out of physical contact'" (*MVAIC v Eisenberg,* 18 NY2d 1, 3). This continues to be the law (see, e.g., *Matter of Smith [Great Amer. Ins. Co.],* 29 NY2d 116; *Matter of Allstate Ins. Co. v Watts,* 45 AD2d 1005; *Matter of Allstate Ins. Co. [Morales],* 42 AD2d 951; *Matter of Allstate Ins. Co. [Oberfast],* 36 AD2d 708; *Matter of Garland v Providence Washington Ins. Co.,* 35 AD2d 844). Inasmuch as the parties focused upon the correct issue, had ample opportunity to prove their positions and do not claim that further evidence may be available, there is no need for a trial *de novo* (see *Victor Catering Co. v Nasca,* 8 AD2d 5). This court may make original findings (see *Phelps v State Mut. Life Assur. Co.,* 10 AD2d 60; *Victor Catering Co. v Nasca, supra*) or we may remit for the trial court to make appropriate findings (*Buffalo Elect. Co. v State of New York,* 9 AD2d 372, revd on other grounds 14 NY2d 453). Here the determination to be made is in substantial measure dependent upon an assessment of the credibility of the witnesses, and the trial court is in a better position to make such an evaluation. Accordingly, the case is remitted and the trial court is directed to make

appropriate findings as to whether physical contact occurred between respondent's motorcycle and the unidentified motor vehicle. (Appeal from order of Monroe Supreme Court—article 75.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.