OPINION OF THE COURT
Anthony F. Shaheen, J.
Respondent Michelle Tucker sustained injuries while riding *921 as a passenger in a vehicle insured by the petitioner insurance carrier, when the vehicle went under an overpass and a rimless tire smashed through the windshield. The petitioner carrier denied Ms. Tucker coverage under the uninsured motorists provision of the vehicle’s policy on the grounds that there was no uninsured vehicle involved in the accident. Ms. Tucker filed a demand for arbitration under the uninsured motorists portion of the policy to challenge the denial of coverage. The petitioner now seeks to stay arbitration and secure a declaratory judgment declaring that the petitioner insurance carrier has no obligation to provide coverage under the uninsured motorist indorsement. The respondent opposes the stay, and, in the alternative, asks that the matter be referred to Trial Term for further proceedings.
The parties have clearly presented the issue to be decided, namely, whether the tire which injured Ms. Tucker presents a situation of "physical contact” with an uninsured vehicle, as contemplated by Insurance Law § 5217, so as to permit indemnification under the uninsured motorists provision of the automobile policy. Clearly, the court is the proper forum to resolve this issue since a determination of "physical contact” is a condition precedent to arbitration (Matter of Allstate Ins. Co. v Jacobs, 85 AD2d 542; Matter of Aetna Cas. & Sur. Co. [Holler], 52 AD2d 1041 [4th Dept]; see also, Matter of Aetna Cas. & Sur. Co. v Smith, 100 AD2d 751, 752). As such, the petitioner’s request for a stay of arbitration is granted.
The petitioner also seeks a declaratory judgment on the grounds that the injury sustained by Ms. Tucker was not the result of "physical contact” with an "uninsured vehicle” as contemplated by the Motor Vehicle Accident Indemnification Corporation Act (see, Insurance Law art 52). Respondent asserts that this issue presents questions of fact which should be referred to Trial Term.
If the determination of "physical contact” were dependent upon the assessment of credibility of witnesses, then certainly the matter should be referred to trial to resolve such issues of fact (see, Matter of Aetna Cas. & Sur. Co. [Holler], supra). However, the particular facts herein present no such factual discrepancy. It is undisputed that Ms. Tucker’s injuries were caused by a rimless tire of unknown origin which crashed through the windshield of the car in which she was riding as that car drove under an overpass. It is also uncontested that no one was seen on the overpass, no disabled vehicle was found on the overpass after the accident, and the police report *922 attributed the accident to a "tire thrown” from the bridge, describing the incident as an intentional assault in the second degree.
The case law has consistently applied a narrow interpretation to the term "physical contact” to effectuate the statutory purpose of deterring "fictitious claims, too easily contrived in the absence of physical contact” (Matter of Smith [Great Am. Ins. Co.], 29 NY2d 116, 120; Matter of Diaz v Motor Vehicle Acc. Indemnification Corp., 82 AD2d 749). In fact, the Court of Appeals has specifically held that the uninsured motorists provisions of a policy do not cover accidents caused by "objects cast off or falling from a speeding or insecurely laden hit-and-run vehicle itself, such as parts of the vehicle or its load” (Matter of Smith [Great Am. Ins. Co.], supra, at p 120; Matter of Diaz v Motor Vehicle Acc. Indemnification Corp., supra). Such forces, which have not originated with a collision, do not provide the kind of physical causal nexus contemplated by the uninsured motorists statute (Insurance Law § 5217; Matter of Smith [Great Am. Ins. Co.], supra, at p 121).
Looking to the facts in a light most favorable to the respondent Ms. Tucker, the court finds, as a matter of law, that whether the tire in question was intentionally thrown or negligently cast from the body or load of a vehicle, there was simply no "physical contact” with an uninsured vehicle which would permit indemnification under the uninsured motorists provisions of petitioner’s policy. As such, declaratory judgment is granted to the petitioner, which has no obligation to provide coverage to respondent Ms. Tucker under its uninsured motorist indorsement.