326-338 100th LLC, Petitioner-Landlord-Respondent,
against
Ibrahima Diop, Respondent-Tenant-Appellant.



Tenant appeals from a "decision and order" of the Civil Court of the City of New York, New York County (Arlene H. Hahn, J.), entered on or about January 25, 2016, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding, and from an order of the same court (Jean T. Schneider, J.), dated June 16, 2016, conditionally granting a further stay of eviction.




Per Curiam.
Appeal from a "decision and order" (Arlene H. Hahn, J.) entered on or about January 25, 2016, deemed an appeal from the ensuing final judgment (Jean T. Schneider, J.), entered February 1, 2016, and so considered (see CPLR 5520[c]), final judgment reversed and a new trial ordered, with $30 costs to abide the event. Appeal from order (Jean T. Schneider, J.), dated June 16, 2016, dismissed as academic.
This holdover summary proceeding seeks possession of a rent stabilized apartment based upon allegations that tenant failed to timely vacate the premises in accordance with an out-of-court surrender agreement. Tenant, for whom English is a second language, executed the agreement without the advice of counsel. At trial, issues were raised which we find warrant further exploration, including whether tenant executed the agreement at a time when he was excluded from the apartment by virtue of an order of protection obtained by his wife, who was purportedly unaware of the agreement, and whether the money paid under the surrender agreement was subsequently returned by tenant and accepted by landlord. In this regard, we note that at oral argument landlord's counsel provided less than unequivocal responses to questions concerning these matters. Since we believe a more probing inquiry of the issues is required, we remand the matter for a new trial (see Morales v Olivero, 23 AD2d 554 [1965]; Victor Catering Co. v Nasca, 8 AD2d 5 [1959]; Weinstein Korn Miller, NY Civil Practice CPLR § 5522.05).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 29, 2017