RH 528 W. 159 St. L.P. v Timofeeva (2021 NY Slip Op 50616(U))

[*1]

RH 528 W. 159 St. L.P. v Timofeeva

2021 NY Slip Op 50616(U) [72 Misc 3d 129(A)]

Decided on July 1, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 1, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570032/21

RH 528 West 159 Street L.P.,
Petitioner-Landlord-Respondent, 
against
Ekaterina Timofeeva,
Respondent-Tenant-Appellant.

Tenant, as limited by her briefs, appeals from so much of an amended judgment of the Civil
Court of the City of New York, New York County (Anne Katz, J.), entered on or about October
20, 2020, after a nonjury trial, as limited damages on her rent overcharge counterclaim to a
36-month period and denied treble damages in a nonpayment summary proceeding.

Per Curiam.
Amended judgment (Anne Katz, J.), entered on or about October 20, 2020, insofar as
appealed, reversed, without costs, and the matter is remanded to Civil Court for a new trial on the
rent overcharge counterclaim.
Upon the trial of this nonpayment proceeding, Civil Court dismissed the petition at the close
of landlord's case, a determination from which no appeal was taken. The matter then proceeded
to trial on tenant's rent overcharge counterclaim.
The proceedings on the counterclaim were very brief, comprising only three pages of
transcript. Tenant's attorney offered into evidence a certified copy of a 2002 DHCR rent
reduction order freezing tenant's monthly rent at $800, far below the $2,000 per month rent
registered and collected by landlord and its predecessor. The trial was then adjourned. However,
as a result of the COVID-19 pandemic, the trial never resumed. Civil Court's decision indicates
that from March through September 2020, it "conducted numerous SKYPE conferences, [but]
[t]he parties were unable to settle the proceeding and Post trial Briefs were submitted on
September 11, 2020."
In the October 2020 determination from which tenant appeals, Civil Court rendered a money
judgment in favor of tenant in the amount of $35,860. In so doing, Civil Court limited tenant's
recovery to those overcharges occurring in or after December 2016 because "the only rent ledgers
put into evidence" were offered by landlord on its case in chief, and these ledgers only reflected
rent collected from December 2016, when landlord purchased the building, through the
November 2019 trial. The Court also denied tenant treble damages, finding that landlord "met its
burden to prove the overcharge was not willful," inasmuch as it purchased the building fourteen
years after the rent reduction order was issued.
The authority of an intermediate appellate court to review the record and render the judgment
it finds warranted by the facts is as broad as that of the trial court (see Northern [*2]Westchester Professional Park Assoc. v Town of Bedford, 60
NY2d 492, 499 [1983]). However, the state of the record does not lend itself to this procedure.
Indeed, as a result of the pandemic, proceedings on the counterclaim were derailed before any
witness was called, thereby depriving tenant of the opportunity to adduce evidence of the amount
of rent paid during the relevant period and depriving landlord of a fair and meaningful
opportunity to rebut the presumption that the overcharge was not willful (see RSC §
2526.1[a]; Matter of Metz v Division of Hous. & Community Renewal of State of
NY, 113 AD2d 758 [1985]). A new trial is required in the interest of justice where these
issues may be properly explored (see Morales v Olivero, 23 AD2d 554 [1965]; Victor
Catering Co. v Nasca, 8 AD2d 5 [1959]; 12 Weinstein-Korn-Miller, NY Civ Prac: CPLR
§ 5522.05 [2021]). 
We have considered tenant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 1, 2021