Keating, J.
When the Legislature, in 1958, enacted the Motor Yehicl.e Aqcident Indemnification Corporation Law (L, 1958, cb. 759, eff. Jan. 1, 1959), it found as a fact that existing laws failed to secure adequate protection to innocent victims of motor vehicle accidents who, through no fault of their own, were involved in motor vehicle accidents caused by “ (2) unidentified motor vehicles which leave the scene of the accident ” (Insurance Lay", § 609), Consistent with this finding, it established the Motpr Vehicle Accident Indemnification Corporation to bear *3 the risk in specified instances (Insurance Law, § 600 et seq.).
In hit and run cases, section 617 of the Insurance Law requires, as a condition precedent to arbitration, that the claimant establish an accident which “ arose ont of physical contact of the motor vehicle causing such bodily injury with the insured or qualified person or with a motor vehicle which the insured or qualified person was occupying at the time of the accident.”
On September 6, 1962, the appellant was operating his automobile in the westbound lane of the Long Island Expressway when it was struck by an eastbound vehicle which had allegedly been pushed across the center divider by a hit and run vehicle.
The question thus presented, and heretofore unresolved by this court, is whether this was an accident arising out of ‘ ‘ physical contact ” between the hit and run vehicle and the appellant’s vehicle, within the meaning of section 617 of the Insurance Law.
That question can only be answered by looking to the enactment as a whole, by discerning the purpose and policy underlying the statute, and by giving the words a meaning which serves, rather than defeats, the ends intended by the Legislature. In the search for intent, we have said, “ [wjhere a particular application of a statute in accordance with its apparent intention will occasion great inconvenience or produce inequality or injustice, another and more reasonable interpretation is to be sought” (Matter of Meyer, 209 N. Y. 386, 389). The problem was succinctly stated by former Chief Judge Cardozo in Surace v. Danna (248 N. Y. 18, 21): “ Few words are so plain that the context or the occasion is without capacity to enlarge or narrow their extension. The thought behind the phrase proclaims itself misread when the outcome of the reading is injustice or absurdity * * * Adherence to the letter will not be suffered to * defeat the general purpose and manifest policy intended to be promoted ’ ”. That then is the task, not to change the meaning of words, nor for that matter to examine the words in a vacuum, but to give them the meaning which the Legislature intended them to have in the context of their particular setting.
Whether “ physical contact ”, the particular words now in issue, require an actual touching between the hit and run vehicle and the appellant’s vehicle (see Matter of Tuzzino [MVAIC], *4 22 A D 2d 641; Matter of MVAIC [Stern], 21 A D 2d 856) is thus to be determined, not as an abstract proposition, but as an integrated phrase in a statutory scheme. In most factual situations, the absence of the required contact will preclude resort to these arbitration provisions of the Insurance Law (Matter of MVAIC [Lupo], 18 A D 2d 717, affd. 13 N Y 2d 1017).
But it is equally apparent that the actual contact situation is juridically indistinguishable from the situation in the present case. The vehicle which made actual contact with the appellant’s automobile in this case was a mere involuntary intermediary and, in the circumstances, we think it cannot logically serve to insulate the respondent from arbitration.
Consider, for example, these hypothetical situations: a fence interposed between two cars which prevents actual physical contact but which fails to prevent a collision, in which one of the cars leaves the scene of the accident; a hit and run car which strikes a telephone pole and propels it into an oncoming vehicle; a collision between a hit and run car and a motorcycle, in which the motorcycle is thrown out from under its rider, the rider himself is not touched but is propelled through the air striking and injuring a pedestrian. In all the cases suggested, there are, in the language of the statute, “motor vehicle accidents caused by * * * (2) unidentified motor vehicles which leave the scene of the accident” (Insurance Law, § 600), and, other conditions being satisfied, both the purpose and policy underlying enactment of the statute is served by requiring the parties to proceed to arbitration (see, e.g., Carson v. Nationwide Mut. Ins. Co., 14 Ohio Op. 2d 137 [Ohio Com. Pleas, 1960]; Beagle v. Automobile Club Ins. Co., 18 Ohio Op. 2d 280 [Ohio Com. Pleas, 1960]).
The purpose of section 617 is readily discerned when we examine the need which gave rise to its enactment. The assertion of a hit and run accident is a proposition easy to allege and difficult to disprove. Absent protective legislation, it opens the door to abuses including fraud and collusion. Who is to say, for example, that a driver who falls asleep at the wheel of his car and runs off the road was not in fact caused to run off the road by a hit and run driver, or that two cars involved in an accident were not caused to collide by a third hit and run car, if that is in fact what the drivers allege. The problem, *5 however, virtually disappears with the requirement of ‘ ‘ physical contact.” Proof that a hit and run vehicle did in fact exist is then clearly available for, as “ physical contact” almost invariably produces visible evidence of impact, the possibility of a “phantom” hit and run driver becomes minimal. Thus the rationale for requiring proof of “ physical contact ” becomes apparent, while the requirement of actual impact between the hit and run vehicle and the insured’s vehicle recedes (Inter-Ins. Exch. of Auto. Club of So. Cal. v. Lopez, 238 Adv. Cal. App. 516; 47 Cal. Rptr. 834).
Reinforcement for this view may be found in other provisions of the law relating- to uninsured motor vehicle accidents. Section 608 of the Insurance Law thus requires a qualified person to file a notice of intention to make a claim against a designated uninsured motor vehicle within 90 days. Where, however, the vehicle causing the accident is alleged to be a hit and run vehicle, i.e., unas cert amable, such qualified person must notify the police within 24 hours after the occurrence as a condition precedent to the subsequent filing of intention to make a claim. It seems manifestly clear that the purpose of this requirement is, among other things, to afford ample opportunity to investigate all circumstances surrounding the happening of the alleged hit and run accident. (See Aksen, Arbitration of Uninsured Motorist Endorsement Claims, 24 Ohio St. L. J. 589, 602.)
We thus think that where the qualified claimant has established an accident with a hit and run vehicle involving physical contact, the Legislature did not intend to impose the further burden of requiring the claimant to establish direct physical contact without the intervention of another automobile.
The order of the Appellate Division granting respondent’s application for a stay of arbitration should be reversed and the order of the Supreme Court denying respondent’s application should be reinstated.