Samuel S. Tripp, Special Referee.
This is a reference by consent (CPLR 4317, subd. [a]) to hear and determine petitioner’s application for leave to bring an action for personal injury damages against the respondent, Motor Vehicle Accident Indemnification Corporation (MVAIC), pursuant to section 618 of article 17-A of the Insurance Law.
The issue here posed is whether the injuries for which the petitioner seeks redress were sustained as the result of a “hit and run ” motor vehicle accident within the meaning of the statute.
Petitioner, a 61-year-old lady just under five feet in height, was walking alone at 2 o’clock in the afternoon of September 24, 1969 on the sidewalk of 59th Avenue near Kissena Boulevard, Flushing, Queens County, on her way from home on 58th Avenue to a beauty parlor nearby. A yellow car proceeding in the opposite direction, occupied by two young men sitting on the front seat, stopped in the roadway on petitioner’s left, about six or less feet from the curb. Better to hear what the occupants said to her at this point, petitioner walked over to the car and faced the driver some five or six inches away from the front door, the window of which was down.
The driver asked her for directions to the Whitestone Bridge. When she furnished that information, both young men asked her why they could not reach the bridge by another route. She replied that if they did not believe her, they could proceed straight on to Main Street. She then turned to her right to leave, her purse hanging by its two handles from the elbow of her left arm.
Thereupon, the driver reached out of the window and grabbed and pulled the purse as his car began to move forward. The handles of the purse, however, did not slip off petitioner’s left arm as she was swung around to the left in the same direction as the car, her right arm hitting the side thereof. She first fell forward to her knees and then on her face. Thus she was dragged for perhaps two car lengths before her purse slipped off her left arm as the car sped off with it. It was found and returned to her by a boy a week later, empty of course, but otherwise intact, including the two handles which were unbroken.
Conceding that the petitioner’s right arm was in physical contact with the side of the accelerating offending car, the respondent, nevertheless, urges that the injuries for which petitioner seeks compensation resulted from an assault and battery *1027 and not from an accident, which is the exclusive predicate contemplated by the statute for redress to a victim of a financially irresponsible motorist, whether uninsured or a “ hit and run
The case upon which the respondent relies for defeating this application — McCarthy v. MV AIC (16 A D 2d 35, affd. 12 N Y 2d 922) — is inapposite and factually distinguishable. The court found in that case that the plaintiff’s brother-in-law, Branch, deliberately drove his car into that owned by her when she was assisting her sister, his wife, a passenger in plaintiff’s car, in getting away from him. For this he was convicted of the crime of assault upon his plea of guilty to the above-described act. After plaintiff recovered a default judgment against Branch, she was unsuccessful in recovering the amount of that judgment from his insurance carrier and brought an action against MVAIC bottomed on the New York automobile accident indemnification indorsement attached to the standard automobile liability policy covering her automobile. The Third Department, affirmed by the Court of Appeals, held that MVAIC was not liable under the uninsured motorist indorsement* for plaintiff’s injuries caused, as they were, by an assault and battery.
To sustain respondent’s position in this case would give the statute so narrow and literal an interpretation as to defeat its purpose. (See Matter of Allstate Ins. Co. [Luna — MV AIC], 36 A D 2d 622, 623.) Remedial in nature, article 17-A of the Insurance Law must be liberally construed, once petitioner establishes herself as a person for whose benefit it was enacted. (Matter of Diamond [MV AIC], 37 Mise 2d 714, 718, affd. 19 A D 2d 590.)
Here there was no deliberate assault with a motor vehicle upon the person of the petitioner as was the fact in McCarthy (16 A D 2d 35, affd: 12 N Y 2d 922, supra) and in Matter of Kilbride [MV AIC] (62 Misc 2d 641). In the last-cited case, there was a deliberate ramming of a police car by the driver of a stolen vehicle when he realized that he was trapped in a dead-end street when the pursuing police car was placed at the entrance of the dead-end street, creating a cul-de-sac blocking his escape. In the instant case, the young driver who grabbed and pulled at petitioner’s purse committed an assault thereby, but not with his motor vehicle. It was only when the handles of the purse failed to slip off petitioner’s left arm and the car *1028 moved forward that she was swung around to the left, her right arm hitting the side of the car, following which she fell to her knees.
It is obvious, in the circumstances here established, that the purse-snatcher did not intend to do any bodily harm to petitioner. What happened after the purse was pulled by the driver was an ‘ ‘ accident ’ ’. That term, said the Court of Appeals (Johnson Corp. v. Indemnity Ins. Co. of North Amer., 7 N Y 2d 222, 228, by citation from Matter of Croshier v. Levitt, 5 N Y 2d 259, 269), “ is to be used in its common sense of ‘ an event of an unfortunate character that takes place without one’s foresight or expectation * * * .’ ”
The facts in the case at bar are similar to those involved in Rogers v. Government Employees Ins. Co. (N. Y. L. J., Feb. 6, 1970, p. 15, col. 2). While the claimant in that case was crossing a street in The Bronx, a car came from her left. It slowed down and it passed her, a boy in the back of the car reached out from the open window with his hand and snatched and tugged at the purse claimant held in her hand. She was thrown down and was injured as the car sped away, its identity unascertainable. The court found that “ the boy’s reaching out from the open window and snatching and tugging at the purse claimant held in her hand constitutes a contact ’ ’. The court concluded that the operator of the vehicle “ was acting in concert with the boy in the back of the car and that it was not intended to do claimant any bodily harm * * * [and] her being knocked down was accidental and resulted from the tugging at the purse ”.
And so was the knocking down of the petitioner accidental. In light of all of the foregoing, I conclude that petitioner has sustained her burden by persuasive evidence that she was accidentally injured by a “ hit and run ” motor vehicle within the ambit of section 617 of the Insurance Law.
Settle judgment (CPLR 411) granting the application without costs.

 It may be noted that since July 1, 1965 insurers, themselves, are required to provide the coverage and pay claims arising out of accidents formerly administered by MVAIC. (Matter of Knickerbocker Ins. Co. [Faison], 22 N Y 2d 554.) In the case at bar, of course, petitioner is a “qualified person” entitled, if this be a proper case, to proceed against MV AIC.