■ HOWARD GOLDEN et al., Individually and Constituting the Board of Estimate of the City of New York, Respondents, v EDWARD I. KOCH, Individually and as Mayor of the City of New York, Appellant.—Judgment, Supreme Court, New York County, entered March 9, 1979, granting summary judgment to plaintiffs and denying defendant's motion for summary judgment, unanimously reversed, on the law and the facts, without costs or disbursements, and summary judgment granted in favor of defendant declaring that the Mayor may vote as a member of the Board of Estimate on New York City Charter (§ 124, subd b) modifications. Section 120 of the New York City Charter sets forth the procedure for the initial submission and approval of the annual budget. Its subdivision d states that "The mayor shall not participate in any action or vote of the board of estimate on the budget". Section 124 deals with budget modification procedures. Its subdivision b provides for the transfer of part or all of one unit of appropriation to another unit, subject in certain instances to disapproval by the board. By their complaint the members of the board seek a judgment declaring the defendant Mayor is prohibited by subdivision d of section 120 from voting as a member of the board on transfers under subdivision b of section 124. We agree with Special Term that construction of a charter is to be measured by the perception of the "intelligent, careful voter" called upon to pass it

*(Matter of Kuhn v Curran,* 294 NY 207, 217). We cannot agree that that voter would find the word "any" in subdivision d of section 120 so all encompassing as to render it forceful beyond the confines of the section of which it is a part. The voter would perceive that the restriction at issue was drafted, not as an independent section implying general application, but as a subdivision of a section concerned only with one aspect of the entire budgetary process (cf. McKinney's Cons Laws of NY, Book 1, Statutes, § 97). He would find the restriction rational in its application to the submission and approval of the budget because subdivision b of section 120 grants the Mayor veto power (cf. *MVAIC v Eisenberg,* 18 NY2d 1, 3). Finally, the intelligent, careful voter would perceive that sections 121, 122 and subdivision f of section 124 prohibit the Mayor from voting on certain other budgetary actions, and he would realize then, if he had not before, that subdivision d of section 120 could not be all encompassing because it would render these other sections redundant (cf. McKinney's Cons Laws of NY, Book 1, Statutes, § 231; *Matter of Albano v Kirby,* 36 NY2d 526). Concur—Murphy, P. J., Kupferman, Lane, Lupiano and Lynch, JJ. [98 Misc 2d 972.]