■ In the Matter of PETRONILLA DIAZ, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — Judgment, Supreme Court, New York County (Helman, J.), entered May 27, 1980, granting petitioner's application pursuant to section 618 of the Insurance Law for leave to sue respondent, unanimously reversed, on the law, without costs or disbursements, and the petition dismissed. The issue is whether petitioner is entitled to the protection provided by article 17-A of the Insurance Law, the Motor Vehicle Accident Indemnification Corporation Law, as a "hit and run" victim. Petitioner claims injury from a "hurtling hubcap which had become detached from an automobile which was speeding on Queens Boulevard" and struck her as she was walking on the sidewalk. The automobile continued on its way without it or its driver being identified. According to petitioner, she reported the incident to the police. Section 617 of the Insurance Law provides that the statutory uninsured motorist benefits are not available in a hit-and-run accident "unless the bodily injury * * * arose out of physical contact of the motor vehicle causing such bodily injury with the [victim] or with a motor vehicle which the [victim] was occupying at the time of the accident." The physical contact requirement has as its purpose the deterrence of "fictitious claims, too easily contrived in the absence of physical contact." *(Matter of Smith [Great Amer. Ins. Co.]*, 29 NY2d 116, 120; see *MVAIC v Eisenberg*, 18 NY2d 1.) We believe that the Court of Appeals envisioned just this type of an accident in *Matter of Smith (Great Amer. Ins. Co.) (supra*, p 120): "In the rare case where negligence may be responsible for the accident, then there is no indemnification under the statute. Good examples of such negligently caused accidents, and yet not covered by the statute, would be those caused by objects cast off or falling from a speeding or insecurely laden hit-and-run vehicle itself, such as parts of the vehicle or its load. And this is hardly surprising, for in requiring physical contact with the offending vehicle to base responsibility under the statute the legislative purpose is evident; some negligently caused accidents are to be excluded or else the requirement of physical contact performs no function whatever." Accordingly, the petition should be dismissed. Concur — Kupferman, J. P., Sullivan, Markewich, Bloom and Fein, JJ.