■ In the Matter of UTICA MUTUAL INSURANCE COMPANY, Respondent, v LORRANGE SPENNINGSBY, Appellant.—In a proceeding pursuant to CPLR 7503 to stay arbitration under an uninsured motorist endorsement of an insurance policy, the appeal is from a judgment of the Supreme Court, Nassau County (Wager, J.), entered May 27, 1986, which granted the application.

Ordered that the judgment is affirmed, without costs or disbursements.

The appellant suffered personal injuries when a rear relief spring from an unidentified truck came loose and struck his windshield, causing him to loose control of his vehicle and strike another automobile. Contending that he was the victim of a hit-and-run accident within the meaning of Insurance Law § 5217, the appellant sought arbitration of his claim under his policy's uninsured motorist endorsement. Thereafter, the petitioner Utica Mutual Insurance Company sought a permanent stay of arbitration on the ground that the appellant had failed to establish the statutory requirement of "physical contact" with the alleged hit-and-run vehicle (see, Insurance Law § 5217). The court granted the petition and stayed arbitration. We affirm.

Insurance Law § 5217 provides that statutory uninsured motorist benefits are not available in a hit-and-run accident situation "unless the bodily injury to the qualified person arose out of physical contact of the motor vehicle causing the injury with the qualified person or with a motor vehicle which the qualified person was occupying". The physical contact requirement has as its purpose the deterrence of "fictitious claims, too easily contrived in the absence of physical contact"

*(Matter of Smith [Great Am. Ins. Co.],* 29 NY2d 116, 120). Review of the facts at bar reveals that the claim presented by the appellant falls within the exclusion articulated by the Court of Appeals in the *Smith* case regarding detached objects, such as parts of a vehicle or its load which are cast off or fall from the alleged hit-and-run vehicle. In *Matter of Smith (Great Am. Ins. Co.) (supra,* at 120), the Court of Appeals wrote: "In the rare case where negligence may be responsible for the accident, then there is no indemnification under the statute. Good examples of such negligently caused accidents, and yet not covered by the statute, would be those caused by objects cast off or falling from a speeding or insecurely laden hit-and-run vehicle itself, such as parts of the vehicle or its load. And this is hardly surprising, for in requiring physical contact with the offending vehicle to base responsibility under the statute the legislative purpose is evident; some negligently caused accidents are to be excluded or else the requirement of physical contact performs no function whatever". In light of the foregoing, the judgment must be affirmed *(see, Matter of Diaz v MVAIC,* 82 AD2d 749; *Government Employees Ins. Co. v Goldschlager,* 44 AD2d 715). Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.