(May 19, 1988)

█ In the Matter of SANDRA SOTO, on Behalf of JACQUELINE GONZALEZ, an Infant, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

On May 16, 1986, the infant petitioner, four years old at the time, was crossing an intersection in Brooklyn, New York, when she was struck and injured by a hubcap which became dislodged from a vehicle. The identity of the vehicle and the owner and/or operator thereof are unknown and unascertainable, thus prompting the instant application pursuant to section 5218 of the Insurance Law. Since the facts herein are undisputed, the question of whether a cause of action exists against respondent Motor Vehicle Accident Indemnification Corporation is an issue of law for the court, and it was error to direct a trial in this matter. In that regard, section 5217 of the Insurance Law states that "[t]he protection provided by this article shall not apply * * * unless the bodily injury to the qualified person arose out of physical contact of the motor vehicle causing the injury with the qualified person".

Consequently, an individual seeking to invoke the statutory procedure authorized for "hit-and-run" cases must demonstrate a physical contact between him or herself and the vehicle. According to the Court of Appeals in *Matter of Smith (Great Am. Ins. Co.)* (29 NY2d 116), in which the applicant was injured after snow and ice were dislodged from a tractor trailer, striking and shattering the windshield of his automobile, the sort of contact required by law must at least origi-

nate in a collision. As the court declared therein, "physical contact as contemplated by the statute may involve, it is true, the continued transmission of force indirectly and simultaneously through an intermediate agency, but the initial impact must, nevertheless, be that of a collision between the unidentified vehicle with the claimant, the vehicle occupied by him, an obstruction or other object causing bodily injury. Excluded, therefore, are objects cast off or cast up by the hit-and-run vehicle, whether it be ice accumulated on the vehicle or pebbles or rocks or other debris on the roadway surface" (supra, at 119).

This interpretation of "physical contact", which has been deemed necessary in order "to deter fictitious claims, too easily contrived in the absence of physical contact" (Matter of Smith [Great Am. Ins. Co.], supra, at 120), while not without its criticism (see, Government Employees Ins. Co. v Goldschlager, 44 AD2d 715), has been regularly followed in succeeding cases, and we perceive no basis to depart from that long-standing authority. Therefore, causes of action for death or personal injury have been disallowed in such situations as a rear relief spring coming loose from an unidentified truck and striking the claimant's windshield (Matter of Utica Mut. Ins. Co. v Spenningsby, 133 AD2d 765); a hurtling hubcap becoming dislodged from a speeding automobile, striking the claimant as she was walking on the sidewalk (Matter of Diaz v MVAIC, 82 AD2d 749); and a wheel becoming detached from an unidentified vehicle (Government Employees Ins. Co. v Goldschlager, supra).

Since physical contact requiring an actual collision between the purported offending vehicle and the injured party is a condition precedent to maintaining an action under Insurance Law § 5218 (see, Matter of Smith [Great Am. Ins. Co.], supra), and no such physical contact is alleged to have occurred herein, the application for leave to bring suit against respondent should have been denied and the petition dismissed. Concur—Murphy, P. J., Sandler, Sullivan, Asch and Milonas, JJ.