OPINION OF THE COURT
Simons, J.
Respondent Eric Killakey has demanded arbitration of a claim against petitioner Allstate Insurance Company on behalf of his deceased wife. She was killed while riding in an automobile, owned by her and driven by respondent, when it was involved in an accident with a hit-and-run vehicle. Prior *327 to the accident, the decedent had purchased an automobile insurance policy from petitioner containing an uninsured motorist endorsement which provided for recovery for bodily injury caused by a hit-and-run vehicle.*
Petitioner seeks to stay the arbitration, contending that respondent’s claim is not compensable under the policy because there was no "physical contact” between the Killakey vehicle and the unidentified vehicle. Its denial of coverage is premised on evidence that the accident did not occur after contact with another automobile but rather after the tire and rim from an unidentified vehicle struck the windshield of decedent’s car and caused it to crash. The courts below granted the petition and stayed arbitration. They rested their decisions on language found in Matter of Smith (Great Am. Ins. Co.) (29 NY2d 116), which some authorities have interpreted to foreclose coverage under the circumstances presented here. We granted leave to appeal so that we might clarify the Smith holding.
Although respondent’s claim is made under the deceased’s automobile insurance policy, the policy’s uninsured motorist endorsement follows the statutory language of Insurance Law §5217 with respect to "hit-and-run” accidents, and, thus, is subject to the same interpretation (see, Matter of Smith [Great Am. Ins. Co.], 29 NY2d 116, 118, supra). Accordingly, our analysis addresses both decisions interpreting section 5217 which applies to New York residents not covered by insurance and decisions involving claims presented by insureds against their insurer.
The Motor Vehicle Accident Indemnification Corporation Act (Insurance Law art 52) was enacted for the purpose of "securing to innocent victims of motor vehicle accidents recompense for the injury and financial loss inflicted upon them” (Insurance Law § 5201 [b]; see also, Matter of Smith [Great Am. Ins. Co.] 29 NY2d 116, supra; Motor Vehicle Acc. Indemnification Corp. v Eisenberg, 18 NY2d 1). To further this purpose, the act requires insurance protection for persons injured or killed in motor vehicle accidents involving hit-and-run vehicles (see, Insurance Law §§ 5201, 5217). Such acci *328 dents, however, are susceptible to fraud and collusion because they are "easy to allege and difficult to disprove” (see, MVAIC v Eisenberg, supra, at 4). Thus, to deter the prosecution of fictitious claims, the Legislature imposed a "physical contact” requirement for all "hit-and-run” accidents (see, Insurance Law § 5217 [formerly § 617]; Matter of Smith [Great Am. Ins. Co.], supra, at 118; MVAIC v Eisenberg, supra, at 4).
The "physical contact” language was first interpreted by this Court in MVAIC v Eisenberg (supra), a case in which an unidentified vehicle struck another and propelled it into claimant’s vehicle. We held that the "contact” required by the statute could be indirect provided there was sufficient evidence to prove that the accident resulted from impact with an unidentified vehicle. The Court returned to the subject in Matter of Smith (supra). In that case, the claimant sought recovery for damages sustained when ice and snow, which he alleged had been disengaged from an unidentified vehicle, struck his automobile and caused an accident. We held that contact with cast-off ice and snow was not sufficient to constitute physical contact and stated that "the kind of contact required by the statute, even if not direct, must at least originate in collision.” (Matter of Smith [Great Am. Ins. Co.], supra, at 119.) We explained that:
"physical contact as contemplated by the statute may involve * * * the continued transmission of force indirectly and simultaneously through an intermediate agency, but the initial impact must * * * be that of a collision between the unidentified vehicle with the claimant, the vehicle occupied by him, an obstruction or other object causing the bodily injury.” (Matter of Smith [Great Am. Ins. Co.] supra, at 119.)
Insofar as claimant Smith failed to prove physical contact, as measured by that test, we stayed arbitration (see, Matter of Smith [Great Am. Ins. Co.] supra, at 122).
Had the decision ended there, the courts might well have dismissed the petition in this case and directed the parties to proceed to arbitration. But the Smith court went on to explain the importance of requiring "collision” as a prerequisite to a finding of "physical contact” because collision increased the probability that the offending vehicle was operated negligently and decreased the probability that the claim was fictitious. It noted, however, that, as a result of this requirement, there *329 may be instances where negligently caused accidents by hit- and-run vehicles will be excluded from coverage. "Good examples of such negligently caused accidents, and yet not covered by the statute”, it stated "would be those caused by objects cast off or falling from a speeding or insecurely laden hit-and-run vehicle itself, such as parts of the vehicle” (Matter of Smith [Great Am. Ins. Co.], supra, at 120 [emphasis added]).
Understandably, a number of courts have relied upon this language to bar recovery for injuries caused when parts of a vehicle strike the insured or the insured’s, vehicle (see, e.g., Matter of Soto v Motor Vehicle Acc. Indemnification Corp., 140 AD2d 223 [pedestrian struck by hubcap dislodged from unidentified vehicle]; Matter of Diaz v Motor Vehicle Acc. Indemnification Corp., 82 AD2d 749 [same]; Matter of Utica Mut. Ins. Co. v Spenningsby, 133 AD2d 765 [rear relief spring from an unidentified truck struck driver’s windshield, causing him to lose control and collide with another vehicle]). Indeed, in a claim involving facts indistinguishable from those presented today, a sharply divided Appellate Division denied arbitration because the majority believed itself constrained by the dicta in Smith (supra) (see, Government Employees Ins. Co. v Goldschlager, 44 AD2d 715). The holding does not require that result, however, and we take this opportunity to clarify the governing rule: "physical contact” occurs within the meaning of the statute, when the accident originates in collision with an unidentified vehicle, or an integral part of an unidentified vehicle.
That formulation does no violence to the purpose behind the statutory requirement. The remedy for distinguishing between valid and fraudulent hit-and-run claims should rest on the proof that there was, indeed, an unidentified vehicle and that physical contact with the vehicle caused an accident, not on artificial distinctions between accidents involving a vehicle and those which may involve parts which undeniably come from it. The burden of proving a claim when only a part of a vehicle is involved, however, is necessarily substantial; to establish that the claim originated in collision, as Matter of Smith (supra) requires, the claimant must prove that the detached part, in an unbroken chain of events, caused the accident.
It is clear that the burden was met in the present case. The evidence, though circumstantial, was strong. Five independent witnesses recounted various details to establish that an un *330 identified vehicle traveling east on the Long Island Expressway lost a wheel and that the tire and its rim traveled across the median and struck Killakey’s westbound vehicle. Witnesses also heard the assembly of the missing wheel scraping on the pavement, observed the vehicle come to a stop in the eastbound lane to mount the spare, and then disappear before the police arrived without the driver identifying himself. From this evidence, the court below found as a fact that "[t]he tire that struck Mrs. Killakey came off an unidentified vehicle” and that "[t]he sole cause of injury and death was the wheel and tire” which had been propelled into her vehicle. In view of these findings, respondent has satisfied the "physical contact” requirement of the policy, i.e., that the claim "originated] in collision” with an unidentified vehicle, and arbitration is not foreclosed merely because the tire and the rim had separated from the vehicle moments before, bounded across the median and crashed into decedent’s car.
Our decision is consistent with the holding in Matter of Smith (29 NY2d 116, supra). Snow and ice from an unidentified vehicle are clearly not integral parts of the vehicle and contact between them and a claimant’s vehicle does not constitute a "collision” between the two. Manifestly, such occurrences fall outside the scope of today’s ruling (see generally, 8C Appleman, Insurance Law and Practice § 5095.45, at 428; Whitney, Uninsured Motorist Coverage for Hit-and-Run Vehicles: The Requirement of Physical Contact, 49 La L Rev 955; Annotation, Hit-and-Run Vehicle — Physical Contact, 25 ALR3d 1299).
Accordingly, the order of the Appellate Division should be reversed, with costs, and petitioner’s motion to stay arbitration denied.
Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.

 The term hit-and-run vehicle is defined in the policy as "an automobile which caused bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided * * * there cannot be ascertained the identity of either the operator or owner of such 'hit-and-run’ automobile.” (Emphasis added.)