OPINION OF THE COURT
Peter P. Cusick, J.
Before the court is petitioner’s application for an order compelling the respondent to submit to the arbitration of his claim for uninsured motorist benefits under his policy. Respondent cross-moves to stay arbitration.
*436 Petitioner Pjeter Bajrami was the operator of a 1988 Ford Taurus insured by respondent General Accident Insurance Company on July 2, 1992. On that date, he was travelling in the right lane southbound on Route 440, near the Fresh Kills Bridge. In front of him in the left lane was an unidentified dump truck carrying a load of sand or dirt. Suddenly, a large amount of this sand or dirt fell from the truck onto the roadway. Some of it struck the windshield of a second vehicle travelling in the left lane behind the truck and alongside petitioner’s vehicle. The falling sand or dirt caused both of these vehicles to swerve. Apparently, they swerved into each other, and they collided in the middle of the roadway.
Respondent General Accident Insurance Company has denied coverage under the policy, stating that the above-described circumstances do not constitute "contact” between the vehicles (petitioner’s vehicle and the unidentified truck) triggering the uninsured motorist coverage.
In the first instance, it must be made clear that the fact that petitioner’s vehicle did not make direct contact with the unidentified truck is not dispositive. The "physical contact” requirement is satisfied under the law where petitioner’s vehicle is struck by an intervening vehicle which in turn made contact with the offending, hit-and-run vehicle. (MVAIC v Eisenberg, 18 NY2d 1.) The question to be resolved, then, is whether the materials cast out from the truck onto the windshield of the intervening vehicle constitutes "contact” within the meaning and purpose of the law.
In Matter of Smith v Great Am. Ins. Co. (29 NY2d 116), an unidentified tractor trailer approached claimant’s vehicle from the opposite direction. Snow and ice were dislodged from the tractor trailer, and it struck and shattered claimant’s windshield. The Court of Appeals held that these circumstances did not constitute "contact”, finding that "the initial impact must, nevertheless, be that of a collision between the unidentified vehicle with the claimant, the vehicle occupied by him, an obstruction or other object causing the bodily injury. Excluded, therefore, are objects cast off or cast up by the hit-and-run vehicle, whether it be ice accumulated on the vehicle or pebbles or rocks or other debris on the roadway surface. Every transmission of force by a moving vehicle is not a collision, and the statute [the Motor Vehicle Accident Indemnification Act] is concerned only with an initial collision by the unidentified vehicle with someone or something, and then a continued transmission of the colliding force with the injured person.” *437 (Matter of Smith v Great Am. Ins. Co., supra, at 119 [emphasis added].)
The Court in Smith (supra) went on to say, in dicta, that: "[g]ood examples of such negligently caused accidents, and yet not covered by the statute, would be those caused by objects cast off or falling from a speeding or insecurely laden hit-and-run vehicle itself, such as parts of the vehicle or its load.” (Supra, at 120.)
Subsequent courts relied on the language emphasized above to bar recovery in cases where parts of a vehicle strike the insured or his or her vehicle (see, e.g., Matter of Soto v MVAIC, 140 AD2d 223; Matter of Diaz v MVAIC, 82 AD2d 749; Matter of Utica Mut. Ins. Co. v Spenningsby, 133 AD2d 765). The issue reached the Court of Appeals again in Allstate Ins. Co. v Killakey (78 NY2d 325) in which the rule in Smith (supra) was specifically clarified to mean that " 'physical contact’ occurs within the meaning of the statute, when the accident originates in collision with an unidentified vehicle, or an integral part of an unidentified vehicle”. (Supra, at 329 [emphasis added].)
In Killakey (supra), an unidentified vehicle travelling east on the Long Island Expressway lost a tire and its rim, which rolled across the meridian and into the westbound traffic, striking the Killakey vehicle. This was found to constitute "contact” within the statute because of the "integral” nature of the tire and rim in relation to the vehicle. The Court in Killakey made it clear that snow and ice are not integral parts of the vehicle.
However, the narrow question of whether the sand or dirt, which was thrown from the unidentified vehicle, was an "integral part” thereof remains unresolved by Killakey (supra). No post-Killakey cases have addressed this narrow issue, but several decisions from other jurisdictions in which cargo was thrown off an unidentified vehicle, shed some light.
In Pinkney v Progressive Specialty Ins. Co. (597 So 2d 1168 [La]), the claimant’s vehicle struck a log which rolled off an unidentified truck. In Oanh Thi Pham v Allstate Ins. Co. (206 Cal App 3d 1193, 254 Cal Rptr 152), a rock fell from the rear of an unidentified dump truck, bounced onto the highway and into claimant’s windshield. A load of dirt and debris from a truck was thrown from a truck and into plaintiff’s windshield and hood in Fore v Traveler’s Ins. Co. (528 So 2d 1091 [La]). In the Oanh Thi Pham and Fore cases, the courts utilized, inter *438 alia, a "chain of events” analysis to the facts, as did the New York Court of Appeals in the Killakey case (supra, at 329). In each of the above cases, the court reached the conclusion that physical contact requirement was met when a collision occurred between a claimant’s vehicle and a load of material thrust from an unidentified truck.
Two cases, at first blush, appear to the contrary. In Harrison v Commercial Union Ins. Co. (471 So 2d 922 [La]), plaintiff’s car struck several large bags of phosphate lying in the roadway, but no one saw them fall from a vehicle, and they had been there for quite some time. In Gardner v Aetna Cas. & Sur. Co. (114 Ariz 123, 559 P2d 679), plaintiff was injured when his vehicle collided with a bale of wire that had just fallen off a flatbed truck. The court did not adopt a "chain of events” approach to the situation, and instead relied on "clear and unambiguous” language in the policy requiring touching or contact between the vehicles. To this extent, Gardner is unpersuasive, and appears to be an aberration from the developing law in this area.
It must be remembered that the purpose of "physical contact” for hit-and-run claims is to prevent fraud by the prosecution of fictitious claims (Allstate Ins. Co. v Killakey, supra, at 328; Smith v Great Am. Ins. Co., supra, at 118). As the Killakey opinion states: "[The rule] does no violence to the purpose behind the statutory requirement. The remedy for distinguishing between valid and fraudulent hit-and-run claims should rest on the proof that there was, indeed, an unidentified vehicle and that physical contact with the vehicle caused an accident, not on artificial distinctions between accidents involving a vehicle and those which may involve parts which undeniably come from it.” (Supra, at 329.)
At bar, the facts do not lend themselves well to the possibility of fraud. There is tangible evidence of the contact between the sand or dirt and the intervening vehicle, and between the two vehicles travelling behind the unidentified truck (see, Fore v Travelers Ins. Co., supra, at 1093), and there is an independent witness to the occurrence. The circumstances which frequently give rise to fictitious claims, i.e., the "near-hit”, are simply not present here.
Furthermore, the circumstances surrounding the existence of this material on the truck in the first place differs from the ice and snow situation found in Smith (supra). The sand or dirt was placed on the truck purposefully, as part of its use *439 and/or operation. It became an integral part of the truck while it was being transported. Conversely, one would be hard pressed to argue that the snow and ice in the Smith case was purposefully placed on the vehicle, and that its existence there was an integral part of its use or operation. This court is satisfied that the existence of the sand or dirt in the case at bar was an integral part of the vehicle as contemplated by the Court of Appeals in Killakey (supra).
For these reasons, the petition (cal No. 3000) for an order directing respondent to submit the dispute between itself and petitioner on the claim for uninsured motorist benefits to arbitration is granted. The cross motion (cal No. 3168) for an order permanently staying arbitration is denied in all respects.