■ In the Matter of PJETER BAJRAMI, Respondent, v GENERAL ACCIDENT INSURANCE COMPANY, Appellant. [615 NYS2d 281] —In a proceeding to compel arbitration of an uninsured motorist claim, and a cross proceeding to permanently stay that arbitration, General Accident Insurance Company appeals from (1) an order of the Supreme Court, Richmond County (Cusick, J.), entered January 15, 1993, which granted the petition, denied the cross petition, and directed that the matter proceed to arbitration, and (2) an order of the same court, dated July 29, 1993, which denied its motion to renew.

Ordered that the order dated July 29, 1993, is reversed, on

the law, the motion to renew is granted, upon renewal, the order entered January 15, 1993, is vacated, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith; and it is further,

Ordered that the appeal from the order entered January 15, 1993, is dismissed as academic, in light of our determination on the appeal from the order dated July 29, 1993; and it is further,

Ordered that the appellant is awarded one bill of costs.

Pjeter Bajrami (hereinafter the insured) commenced a proceeding to compel arbitration of an uninsured motorist claim, claiming that he was injured in an accident which allegedly was caused by debris which fell from the back of an unidentified dump truck traveling on Route 440 in Staten Island. General Accident Insurance Company (hereinafter General) commenced a cross proceeding to stay arbitration on the ground, *inter alia,* that there was conflicting evidence regarding whether the accident was caused by debris which actually fell from the dump truck and actually came into physical contact with the vehicle which collided with the insured's automobile. The Supreme Court granted the insured's petition, denied General's cross petition, and directed that the matter proceed to arbitration. General thereafter moved to renew, submitting additional new evidence suggesting that the requisite physical contact between the dump truck and the vehicle which struck the insured's automobile was lacking. The Supreme Court denied the motion.

We find that a preliminary factual question exists regarding whether the vehicle which struck the insured's automobile was itself struck by debris from the dump truck. Accordingly, we remit the matter to the Supreme Court for a hearing and determination of that issue. Should the court determine that contact did occur and in fact caused the collision, the court should then determine whether that contact satisfies the requirements of "physical contact" for the purpose of uninsured motorist coverage in accordance with the principles set forth in *Matter of Allstate Ins. Co. v Killakey* (78 NY2d 325, 327). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.