■ In the Matter of the Arbitration between GENERAL ACCIDENT INSURANCE COMPANY, Respondent, and LOUIS GLADSTONE, Appellant. [687 NYS2d 830] —Mercure, J. Appeal from an order of the Supreme Court (Canfield, J.), entered May 21, 1998 in Albany County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Respondent is a bicycle commuter. On February 1, 1995, he was en route from his home in the Village of Menands, Albany County, to his workplace in the City of Albany when he was involved in the personal injury accident that gave rise to the instant claim for uninsured motorist benefits. According to re-

spondent, he was riding on the paved shoulder of an Interstate highway entrance ramp when an overtaking tractor-trailer passed so close as to graze respondent's portfolio, which was strapped to his bicycle's rear carrier, causing respondent to lose control of the bicycle, hit a pothole and fall to the ground. Taking the position that the claim was not covered by the terms of respondent's insurance policy, petitioner filed the instant application to stay arbitration. Supreme Court granted the application. Respondent appeals, and we affirm.

Pursuant to Insurance Law § 5217 and the insurance contract between the parties, respondent's right to recover for bodily injury caused by a "hit and run" driver is expressly limited to occurrences where the injury "arose out of physical contact of the motor vehicle causing the injury with [respondent] or with a motor vehicle which [respondent] was occupying * * * at the time of the accident" (Insurance Law § 5217; *see, Matter of Allstate Ins. Co. v Killakey*, 78 NY2d 325; *Matter of Smith [Great Am. Ins. Co.]*, 29 NY2d 116; *MVAIC v Eisenberg*, 18 NY2d 1). It is undisputed that the subject tractor-trailer never came into contact with respondent or with his bicycle, and a bicycle is not included within the statutory definition of "motor vehicle" in any event (*see*, Vehicle and Traffic Law § 125).

Further, although the Court of Appeals has upheld an injured party's right to arbitration in hit-and-run cases involving indirect "physical contact" (*see, e.g., Matter of Allstate Ins. Co. v Killakey, supra* [injury caused by wheel that came loose from unidentified vehicle]; *MVAIC v Eisenberg, supra* [hit-and-run vehicle caused a second vehicle to cross center divider and strike the claimant's vehicle]), recognizing that such accidents "are susceptible to fraud and collusion because they are 'easy to allege and difficult to disprove' " (*Matter of Allstate Ins. Co. v Killakey, supra*, at 328, quoting *MVAIC v Eisenberg, supra*, at 4), the Court has been unswerving in its requirement that the contact "at least originate in collision" (*Matter of Smith [Great Am. Ins. Co.], supra*, at 119; *see, Matter of Allstate Ins. Co. v Killakey, supra*, at 328). In our view, no such "collision" took place in this case (*compare, Matter of State Farm Mut. Auto. Ins. Co. [Smith]*, 129 Misc 2d 828 [vehicle struck the wall of the claimant's bedroom, knocking her out of bed and to the floor]; *Gavin v MVAIC*, 57 Misc 2d 335 [metal object in highway was struck by unidentified motor vehicle and propelled through the air, striking occupant of motor vehicle]).

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.