In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO), Respondent, v KIMBERLY J. YARMOLUK, Appellant. [692 NYS2d 433] —In a proceeding to permanently stay arbitration of an uninsured motorist claim, Kimberly J. Yarmoluk appeals from an order of the Supreme Court, Dutchess County (Beisner, J.), dated August 31, 1998, which granted the petition.

Ordered that the order is affirmed, with costs.

The respondent was traveling on Route 55 in the Town of Poughkeepsie when her car struck debris in the road, an automobile muffler, which caused her to lose control of her car and swerve into a guardrail, resulting in her sustaining personal injuries. We agree with the Supreme Court that under these circumstances, there was no physical contact with an un-

insured motor vehicle to support a claim for uninsured motorist coverage. " '[P]hysical contact' occurs * * * when the accident originates in collision with an uninsured vehicle, or an integral part of an uninsured vehicle" (*Matter of Allstate Ins. Co. v Killakey,* 78 NY2d 325, 329). In addition, the burden of proving a claim when only a part of a vehicle is involved is substantial, and "to establish that the claim originated in collision * * * the claimant must prove that the detached part, in an unbroken chain of events, caused the accident" (*Matter of Allstate Ins. Co. v Killakey, supra,* at 329). In light of the fact that no one witnessed the muffler actually fall off any vehicle and the absence of any proof as to how long the muffler had been in the roadway, we find that the appellant failed to meet this burden (*cf., Matter of Allstate Ins. Co. v Killakey, supra*). S. Miller, J. P., Sullivan, Friedmann, Luciano and Feuerstein, JJ., concur.