In the Matter of NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v TAMMY A. MCLEARY, Appellant. [826 NYS2d 869]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered January 24, 2006 in a proceeding pursuant to CPLR article 75. The order granted the petition seeking a permanent stay of arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted the petition seeking a permanent stay of arbitration. Respondent was injured when a boat slipped from a trailer on a boat launch adjacent to the boat launch where she was standing. Respondent observed the boat approaching and pushed it away from her, but she fell to the ground and injured her ankle. Although the trailer was attached to a vehicle, respondent left the scene without obtaining information concerning the vehicle. Respondent served a demand for arbitration of uninsured motorist benefits from petitioner, her insurer, whereupon petitioner commenced this proceeding.

The policy at issue defines an uninsured motor vehicle as one "for which . . . [n]either owner nor driver can be identified (including a hit-and-run vehicle)" and, in accordance with Insurance Law § 5217, the policy provides coverage for bodily injury caused by physical contact with an unidentified vehicle. " '[P]hysical contact' occurs within the meaning of the statute[ ] when the accident originates in collision with an unidentified vehicle, or an integral part of an unidentified vehicle" (*Matter of Allstate Ins. Co. v Killakey*, 78 NY2d 325, 329 [1991]). Here, it cannot be said that the boat was an integral part of the

vehicle (*see Matter of Insurance Co. of N. Am. [Carrozo]*, 203 AD2d 210 [1994]; *cf. Allstate Ins. Co.*, 78 NY2d at 329-330). Present—Martoche, J.P., Smith, Centra and Green, JJ.