OPINION OF THE COURT
Dennis K. McDermott, J.
*593 This is an application made pursuant to Insurance Law § 5218 for leave to assert a claim against the defendant Motor Vehicle Accident Indemnification Corporation (MVAIC).
The facts of this case are not in dispute. At approximately 12:30 a.m. on June 22, 2004, plaintiff was lawfully operating a motor vehicle on Seneca Street in the city of Oneida, Madison County. That vehicle was owned by an acquaintance of hers and she was presumably operating it with his permission. The vehicle was insured by the defendant, State Farm Insurance Companies.
A vehicle following plaintiff flashed its headlights and plaintiff pulled over to the curb while the rear vehicle pulled alongside the plaintiffs car. The occupants of that vehicle were not known to plaintiff. The driver is described only as being a female and the front seat passenger is described only as a young male with blonde hair. They told plaintiff they needed directions and asked if she would oblige by writing the directions for them, offering a pen and paper for that purpose. Plaintiff got out of her car and approached the other vehicle, leaning into the open passenger’s window to take the pen and paper being offered. She describes what happened next in the following manner:
“[I] was leaning into the window of the passenger side of the other motor vehicle when the male passenger put his arm around [my] neck and grabbed [my] shirt. The female driver then started to drive off. As the male passenger grabbed [my] shirt, his hand got intertwined between the silver chains [I] was wearing. The male passenger then pushed [me] out of the window and in the process the watch on [my] left hand somehow got stuck on the window and [I] was dragged about thirty [30] feet. [I] then fell from the motor vehicle to the ground and the motor vehicle drove off.”
Plaintiff claims to have sustained a fractured arm and various other injuries and, as a result, she claims to have undergone a number of surgical procedures with at least one more operation presently planned. Plaintiff promptly reported the incident to the police and the police report characterizes it as an “attempted strong arm robbery.” The occupants of the other vehicle were never apprehended or identified, nor was their vehicle ever located. There are no other known witnesses.
On November 8, 2004, plaintiff’s attorney provided written notice of her claim to State Farm. By written response made on *594 February 2, 2005, State Farm denied liability for supplemental uninsured/underinsured motorist coverage on the ground that “you do not qualify as an insured under our insured’s policy.” On November 15, 2004, plaintiff made a written notice of claim against MVAIC. That notice was received by MVAIC on December 21, 2004.
In opposition to this application, MVAIC raises four points, the first of which merits little discussion. MVAIC argues that the notice of claim was “improperly notarized.” The notice is signed by plaintiff, and following her signature there appears the following:
“Sworn to before me this _
“day of November, 2004.
“Notary Public”
A handwritten “15” appears on the first blank line, and there appears to be a signature on the line above the words “Notary Public,” and beneath the signature line and immediately to the right of “Notary Public,” there appears to be written “11/15/ 04.” The signature is illegible, there is no notary stamp or seal affixed, and there is no accompanying printed information identifying the notary or specifying the place and date of expiration of his/her notarial commission.
Plaintiffs counsel offers his mea culpa, admitting that it is his signature as notary on the form and attesting that he was then and remains a duly commissioned notary public. MVAIC does not dispute this but persists in its stance that the notarization was improper thereby rendering the notice defective, although it concedes that “there does not appear to be a reported decision addressing this point.”
This court is loathe to blaze a new trail into that area of our jurisprudence. As it appears that this defect or irregularity did not prejudice any substantial right of any party, it shall be disregarded. (CPLR 2001.)
With greater force, MVAIC advances its three remaining objections: (1) that plaintiff was not a “qualified person” within the meaning of Insurance Law § 5202 (b), (2) that plaintiffs injuries were the result of the intentional acts of the occupants of the other car and not an accident, and (3) that plaintiffs injuries did not arise out of physical contact with the other vehicle.
To have standing to pursue a claim against MVAIC, one must be a “qualified person” within the meaning of Insurance Law *595 § 5202 (b). It is undisputed that plaintiff is a resident of this state, but the question is whether she would be deemed to be an “insured person” under the liability policy written by State Farm which insured the vehicle she had been operating. It has been held that “insured persons” and “qualified persons” are mutually exclusive categories so that plaintiff can be deemed to be “qualified” only if she was not an “insured.” (Matter of Rice v Allstate Ins. Co., 32 NY2d 6, 10 [1973].) Plaintiff professes to be “uncertain” as to whether, under the circumstances presented here, she might be a “qualified person” owing to the fact that she had exited the vehicle she had been driving at the time she sustained her injuries.
In this court’s view, there appears to be no doubt that plaintiff would be deemed to be an occupant of the vehicle she had been driving only moments earlier. “Where a departure from a vehicle is occasioned by or is incident to some temporary interruption in the journey and the occupant remains in the immediate vicinity of the vehicle and, upon completion of the objective occasioned by the brief interruption, he intends to resume his place in the vehicle, he does not cease to be a passenger.” (Id. at 10-11; see also, Matter of Travelers Ins. Co. [Youdas], 13 AD3d 1044 [3d Dept 2004].)
Here, plaintiff was interrupted in her drive by the occupants of the other vehicle. It is undisputed that she had not yet reached whatever her destination might have been on that occasion when she pulled over to give directions. Based on the record presently before the court, the inference is inescapable that, had she not been assaulted, the plaintiff would have returned to her vehicle and continued to her destination. Thus, plaintiff must be considered to be an “insured” person and, therefore, not “qualified.”*
*596 Next, the court addresses the issue of whether plaintiff’s injuries were the result of an “accident.” MVAIC was created by the enactment of what is now article 52 of the Insurance Law. In section 5201 (b), the Legislature expressly declared that its intent was to “secur[e] to innocent victims of motor vehicle accidents recompense for the injury and financial loss inflicted upon them” (emphasis added).
“There is no provision in any of the statutes indicating a legislative intent to protect all victims of ‘motor vehicles’, regardless of how the vehicle may have been used as an instrument of injury. The legislative intent, as expressed in the MVAIC Law, is to protect the victims of ‘motor vehicle accidents’ ” (McCarthy v Motor Veh. Acc. Indem. Corp., 16 AD2d 35, 42 [4th Dept 1962], affd without op 12 NY2d 922 [1963]).
In support of her position, plaintiff cites the cases of Matter of Bendik v Motor Veh. Acc. Indem. Corp. (68 Misc 2d 1025 [1972]), and Rogers v Government Empls. Ins. Co. (NYLJ, Feb. 6, 1970, at 15, col 2). Those cases distinguished McCarthy on the ground that that case involved an assault by an individual who intentionally drove his car into the car that the victim was operating whereas the facts of the Bendik and Rogers cases involved pedestrians injured when vehicular occupants attempted to snatch their purses from them causing them to be injured, the distinction being that the plaintiffs were injured from the vehicles, not by the vehicles. Those cases, however, must be deemed to be implicitly overruled by Matter of Progressive Northwestern Ins. Co. v Van Dina (282 AD2d 680 [2d Dept 2001]) where, under strikingly similar circumstances, the court held that the plaintiffs injuries were not the result of an accident, thereby precluding recovery of uninsured motorist benefits. (See also, Matter of Allstate Ins. Co. v Massre, 14 AD3d 610 [2d Dept 2005].)
MVAIC’s final argument is that plaintiff’s injuries did not arise out of physical contact with the other vehicle. To be *597 entitled to claim uninsured motorist coverage in a hit-and-run case, Insurance Law § 5217 requires a claimant to prove that his or her injury “arose out of physical contact” with the motor vehicle. (Motor Veh. Acc. Indent. Corp. v Eisenberg, 18 NY2d 1 [1966].) It has been consistently held that such physical contact must result from a collision. (Matter of Allstate Ins. Co. v Killakey, 78 NY2d 325 [1991]; Matter of Smith [Great Am. Ins. Co.], 29 NY2d 116 [1971]; Matter of General Acc. Ins. Co. [Gladstone], 260 AD2d 855 [3d Dept 1999].) MVAIC argues that the absence of any collision between the unidentified car and the plaintiff precludes any recovery against it.
The physical contact requirement is intended to prevent fraudulent claims, hit-and-run claims being by their nature “easy to allege and difficult to disprove.” (Allstate Ins. Co. v Killakey, supra at 328.) Here, the contact between plaintiff and the vehicle was initiated while the vehicle was stationary. Whether plaintiffs wristwatch becoming caught on the vehicle’s window as the car pulled away would constitute a “collision” is, in this case, a matter of academic interest only because the purpose of “requiring (a) collision by the unidentified vehicle to initiate the sequence of physical events resulting in bodily injury, assures much greater probability that the offending vehicle was being operated negligently.” (Smith v Great Am. Ins. Co., supra at 120 [emphasis added].) Thus, if the facts demonstrate that plaintiff’s injuries resulted from deliberate or intentional conduct rather than an accident caused by negligence, no uninsured motorist coverage will be forthcoming whether there was a collision or not. If there is no dispute that there was no negligent operation of the vehicle that caused plaintiffs injuries, then there is no need to pursue this avenue of inquiry.
For the foregoing reasons, plaintiffs application to assert her claim against MVAIC should be denied.

 On this application, no particular relief was sought against defendant State Farm, so it has not argued its apparent position that there is no coverage available to plaintiff under its policy in this case. If and when that issue is presented for resolution, the court notes that, for purposes of pursuing a claim against MVAIC, plaintiff would not lose her status as “insured,” and thereby become “qualified,” were this court to ultimately conclude that there was no coverage available to her under State Farm’s policy.
“A sharp differentiation must be made between (a) a finding that the insurance company is not hable under a valid policy because the injuries were not caused by accident and hence were not within the risks covered by the policy and (b) a finding that the company is not liable because the policy was not in force at the time in question or because there had been a breach of a condi *596 tion of the policy by the insured rendering it unenforcible. . . . In the former case, the finding recognizes that there was a standard insurance policy of the required type in force at the time which covered all the risks which were required to be covered; hence no uninsured automobile was involved and MVAIC could not be held liable.” (McCarthy v Motor Veh. Acc. Indem. Corp., 16 AD2d 35, 40-41 [4th Dept 1962], affd without op 12 NY2d 922 [1963].)