■ In the Matter of the Arbitration between ERIE INSURANCE COMPANY, Respondent, and TRACI A. CALANDRA, Appellant. [856 NYS2d 325]—

Memorandum: Petitioner commenced this proceeding seeking a permanent stay of arbitration and a determination that it does not owe any uninsured motorist benefits to respondent, a patrol officer who was injured while responding to a call with the lights and sirens on her patrol vehicle activated. Respondent lost control of her patrol vehicle on the expressway while attempting to avoid a collision with an unidentified vehicle that had entered the expressway in front of her patrol vehicle, but it is undisputed that the unidentified vehicle did not make contact with respondent's patrol vehicle. Petitioner denied coverage based on the lack of physical contact with the unidentified vehicle, whereupon respondent sought arbitration on the issue of her entitlement to uninsured motorist benefits.

Supreme Court properly granted the petition. Although respondent concedes that the insurance policy requires physical contact (*see* Insurance Law § 5217), she nevertheless seeks to expand the meaning of that term to include circumstances such as those presented in this case. Respondent contends that there should be coverage even in the absence of actual physical contact because she is able to establish through the affidavits of two disinterested eyewitnesses that an unidentified vehicle forced her to take evasive action to avoid the collision, thereby causing her to sustain injuries. We reject respondent's contention. " '[P]hysical contact' occurs within the meaning of [Insurance Law § 5217] when the accident originates in collision with an unidentified vehicle, or an integral part of an unidentified vehicle" (*Matter of Allstate Ins. Co. v Killakey*, 78 NY2d 325, 329 [1991]), and the Court of Appeals has consistently held that there must be some physical contact with the unidentified vehicle (*see id.* at 327-329; *Matter of Smith [Great Am. Ins. Co.]*, 29 NY2d 116, 118-121 [1971]; *Motor Veh. Acc. Indem. Corp. v Eisenberg*, 18 NY2d 1, 4-5 [1966]). "The goal is to accord every

liberal extension to the remedial statute but not to the point of judicially removing the meaning and frustrating the purpose of limiting language deliberately inserted into the statute" (*Smith*, 29 NY2d at 121-122).

We reject the further contention of respondent that petitioner waived its right to deny coverage based on its delay in doing so. "[P]hysical contact goes to coverage, rather than exclusion, . . . [and n]o coverage exists in the absence of the required contact" (*Matter of Prudential Prop. & Cas. Ins. Co. v Hobson*, 67 NY2d 19, 21 [1986]; *see generally Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188-190 [2000]). Inasmuch as there is no coverage here, it cannot be said that petitioner waived the right to deny coverage (*see generally Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 698-699 [1980]). Present—Scudder, P.J., Hurlbutt, Lunn, Pine and Gorski, JJ.