■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v ANDREW A. BEDDINI et al., Respondents. [930 NYS2d 569]—

Respondents were traveling on a Vespa motorscooter behind a pickup truck being operated by an unidentified driver. A large, cardboard box measuring approximately five feet by four feet, flew off of the pickup truck and became lodged in the front wheel of the Vespa. This caused respondents to be ejected from the motorcycle and to sustain serious injuries. Respondents filed an uninsured/underinsured motorist claim under respondent Beddini's automobile insurance policy issued by petitioner and they demanded arbitration of the claim.

In *Matter of Allstate Ins. Co. v Killakey* (78 NY2d 325 [1991]), relied upon by the motion court, the claimant was killed when a tire and rim from an unidentified vehicle struck the claimant's vehicle, causing it to crash. The Court of Appeals reversed the stay of arbitration of the uninsured motorist claim, holding that physical contact occurs "when the accident originates in collision with an unidentified vehicle, or an integral part of an unidentified vehicle" (*id.* at 329). The Court implicitly found that the tire and rim that caused the accident were essential to the operation of the truck, and thus, an integral part of it. Here, however, the cardboard box is not an integral part of the pickup truck. Accordingly, respondents' collision with the box does not constitute the type of physical contact required to impose uninsured motorist coverage (*see e.g. Matter of Smith [Great Am. Ins. Co.],* 29 NY2d 116 [1971]; *Matter of Insurance Co. of N. Am. [Carrozo],* 203 AD2d 210 [1994]). Concur—Catterson, J.P., Richter, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2011 NY Slip Op 30041(U).]**