Henry v Phelps (2019 NY Slip Op 02801)





Henry v Phelps


2019 NY Slip Op 02801


Decided on April 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2019

Acosta, P.J., Manzanet-Daniels, Tom, Oing, JJ.


8990N 152559/14

[*1] Flossie Henry, Plaintiff-Respondent,
v
Tyett D. Phelps, Defendant. 
Motor Vehicle Accident Indemnification Corporation, Nonparty Appellant.


Kornfeld, Rew, Newman & Simeone, Suffern (William S. Badura of counsel), for appellant.
Siegel & Coonerty LLP, New York (Michael Peters of counsel), for respondent.



Order, Supreme Court, New York County (Adam Silvera, J.), entered March 8, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to compel non-party appellant the Motor Vehicle Accident Indemnification Corporation (MVAIC) to defend defendant Tyett D. Phelps, unanimously affirmed, without costs.
We find that the Supreme Court properly determined that plaintiff timely filed a notice of intention to make a claim with MVAIC (see Insurance Law § 5208[a][3][A]). In 2012, plaintiff first commenced a timely action in Kings County against the operators of the motor vehicles, including Phelps, for injuries she sustained as Phelps' passenger on November 30, 2011, as a result of a motor vehicle collision. In March 2014, plaintiff commenced the underlying action against Phelps. In October 2014, plaintiff was granted a default judgment on liability against Phelps. After Phelps failed to appear for the inquest of the underlying action, the court entered a money judgment in March 2017 in favor of plaintiff. By letter dated May 12, 2017, Phelps's insurance carrier denied coverage, stating that Phelps, a New Jersey resident, did not elect bodily injury coverage in her policy of insurance. By the instant motion dated August 14, 2017, plaintiff moved to compel MVAIC to defend Phelps in the action. The court vacated the money judgment entered on default against Phelps, and granted plaintiff's motion to compel MVAIC to defend the action.
Here, plaintiff demonstrated that she was a "qualified person" under Insurance Law article 52. Plaintiff also showed that she complied with the three requirements under Insurance Law § 5208(a)(3)(A). First, in an affirmation in support of plaintiff's motion, plaintiff's counsel outlined the cause of action. The evidence plaintiff submitted established a meritorious case, since she was granted a default judgment on liability against Phelps. Second, plaintiff submitted a letter, dated May 12, 2017, from Phelps' insurance carrier denying coverage, because the insurance policy did not cover bodily injuries. Plaintiff showed that the May 2017 letter was the first instance she received notice that bodily injury coverage was denied, since Phelps had never responded or appeared in court. Last, plaintiff notified MVAIC that she was making a claim for damages and submitted proof that she had obtained a money judgment in her favor.
Contrary to MVAIC's argument, plaintiff showed that she had made reasonable efforts to ascertain insurance coverage. Plaintiff obtained Phelps' identity and vehicle information in 2011. She also had discovered that Phelps' vehicle was insured on the date of the accident. Although plaintiff was unable to ascertain liability coverage, we find that plaintiff was not required to. Here, the denial of coverage did not occur because of a "lack of a policy of insurance in effect at the time the cause of action arose" (Insurance Law § 5208[a][3][A][ii]). We also find that it would be inconvenient to narrow the interpretation of the statute, because [*2]plaintiff is an innocent victim (see Motor Veh. Acc. Indem. Corp. v Eisenberg , 18 NY2d 1, 3 [1966]).
Finally, we find that plaintiff timely filed a notice of claim (Insurance Law § 5208[a][3][B]). The time period from the date of the denial of coverage (May 12, 2017) to the date of the motion (August 14, 2017) was 95 days.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 11, 2019
CLERK